**Eugene Franklin SAWYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–82–218CR, B14–82–221–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1983.

Clement Aldridge, Jr., J. Patrick Wiseman, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before MURPHY, ROBERTSON and CANNON, JJ.

CANNON, Justice.

The appellant was charged by separate indictments with two counts of indecency with a child, both of which were enhanced by a prior conviction for indecency with a child. The appellant entered pleas of guilty after the State abandoned the enhancement paragraphs. The court found appellant guilty and, after a pre-sentence investigation, assessed punishment at eight years confinement in the Texas Department of Corrections. To this sentence appellant excepted and gave notice of appeal. Both appeals raise four identical grounds of error; we have, therefore, consolidated these appeals for disposition by this court. We find no error by the trial court in either case and affirm.

In his first three grounds of error, the appellant argues that the record does not adequately support a plea of guilty as it does not contain the appellant's signed, written agreements to: (1) waive his right to a jury trial; (2) stipulate evidence; and (3) waive the appearance, confrontation and cross-examination of witnesses, as required by the Tex.Code Crim.Pro.Ann. arts. 1.13 and 1.15 (Vernon 1977). The plea of guilty forms which contain the signed, written waivers in question are not in the records that were initially filed in this court. However, subsequent to the filing of the appellate briefs, we received the State's Motion To Supplement Record which we granted on November 4, 1982. The appellant filed Defendant's Motion to Reconsider Order Granting State's Motion To Supplement Record, which this Court overruled on November 18, 1982. Upon receiving the Supplemental Record, we found that such documents were, in fact, executed in the cases. Therefore, appellant's first three grounds of error leave nothing for us to review because the issues raised are now moot.

In his fourth ground of error, the appellant complains that the indictment charges only the offense of indecent exposure, Tex. Penal Code Ann. § 21.08 (Vernon 1974), because it fails to allege that the appellant exposed his genitals knowing that the complainant was a child as required by Tex.Penal Code Ann. § 21.11 (Vernon Supp. 1982–1983). The two statutes in question read as follows:

§ 21.08. INDECENT EXPOSURE

(a) A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is *reckless about whether another is present* who will be offended or alarmed by his act.

(b) An offense under this section is a Class C misdemeanor. (Emphasis added.)

§ 21.11. INDECENCY WITH A CHILD

(a) A person commits an offense if, with a child younger than 17 years and

not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child; or

(2) exposes his anus or any part of his genitals, *knowing the child is present,* with intent to arouse or gratify the sexual desire of any person.

(b) It is a defense to prosecution under this section that the child was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in:

(1) sexual intercourse;

(2) deviate sexual intercourse;

(3) sexual contact; or

(4) indecent exposure as defined in Subsection (a)(2) of this section.

(c) It is an affirmative defense to prosecution under this section that the actor was not more than two years older than the victim and of the opposite sex.

(d) An offense under Subsection (a)(1) of this section is a felony of the second degree and an offense under Subsection (a)(2) of this section is a felony of the third degree. (Emphasis added.)

Appellant contends that the factor that elevates the Class C misdemeanor of indecent exposure to the third degree felony of indecency with a child is the defendant's knowledge of the age of the victim. The apparent distinction between the two offenses is that the lesser involves *recklessness* regarding the presence of any person while indecency with a child requires knowledge of the *presence* of a child. *See, Briceno v. State,* 580 S.W.2d 842, 844 (Tex. Cr.App.1979). We hold that the knowledge element of indecency with a child goes to the presence, not the age, of the victim. This is adequately pointed out in the Practice Commentary to § 21.11, which states that:

Knowledge of the child's presence is included as an element of the indecency portion of Section 21.11(a)(2) because with children there is always danger they will appear unannounced and in this situation an unwitting exposure should not be criminal.

The severity of the penalty is obviously a result of the Legislature's intent to protect children.

The Practice Commentary to Tex. Penal Code Ann. § 21.09 (Vernon Supp. 1982–1983), which is referred to in the Practice Commentary to § 21.11, points out the almost universal practice, which has also been the rule in Texas, to exclude a mistake of fact defense regarding the age of the victim in sexual offenses involving children. It reads, in part, as follows:

Nevertheless, when the fact is age in sexual offenses involving children Texas courts and those of most other American jurisdictions have denied the defense of ignorance of mistake, [cites omitted]. . . .

This Practice Commentary also points out that in 1970 the Legislature rejected a proposed change which would have provided for a limited mistake of fact defense for certain borderline age groups. Appellant's contentions urging the requirement of knowledge of the age of the victim as an element of the offense of indecency with a child amount to a plea for the judiciary to enact a mistake of fact defense concerning the age of the victim which the Legislature has already rejected. Therefore, we must conclude that one who exposes himself knowingly to another person assumes the risk that the person is a child who properly receives greater protection from the law than an adult in the area of sexual offenses. Accordingly, appellant's fourth ground of error is without merit.

No reversible error has been shown; accordingly, all grounds of error are overruled and the judgments of the trial court are affirmed.