NO. 07-01-0421-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 12, 2002



______________________________




CLYDE LAVON SMITH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;



NO. 847862; HONORABLE JIM WALLACE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pending before this Court is appellant's pro se request to withdraw his notice of
appeal. Rule 42.2(a) of the Texas Rules of Appellate Procedure provides that an appeal
may be dismissed if appellant withdraws his notice of appeal by signed motion
accompanied by the signature of his attorney. However, where appellant is proceeding
pro se, we apply Rule 2 of the Texas Rules of Appellate Procedure to suspend the
requirement that appellant's request be accompanied by his attorney's signature. See
Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.App.--Amarillo 1998, pet. ref'd). An
accused has the ultimate authority to make certain fundamental decisions regarding his
case, including whether to prosecute an appeal. See Conners v. State, 966 S.W.2d 108
(Tex.App.--Houston [1st Dist.] 1998, pet. ref'd), citing Jones v. Barnes, 463 U.S. 745, 103
S.Ct. 3308, 77 L.Ed.2d 987 (1983). Thus, we suspend the operation of Rule 42.2(a) in this
case and dismiss the appeal based upon appellant's request to withdraw his notice of
appeal. No decision of this Court having been delivered, we dismiss the appeal and no
motion for rehearing will be entertained and our mandate will issue forthwith.

 Accordingly, the appeal is dismissed.


 Don H. Reavis

 Justice


Do not publish. 



rt was Biased


 In his first issue, appellant contends the trial court was not impartial or neutral. This
supposed lack of impartiality was evinced by its comment that "I told you that if you came
back in here you weren't going to like it. . . "and its decision to set bail on appeal at
$50,000. Yet, appellant objected below neither to the court's comment, to the amount of
bail nor to the purported lack of impartiality. Neither does the record reflect that appellant
moved for a new trial based upon discovering the trial court's supposed impartiality or
moved for the judge's recusal. Consequently, the complaint was not preserved for review. 
Tex. R. App. P. 33.1; see Baxter v. State, 936 S.W.2d 469, 471 (Tex. App.-Fort Worth
1996), pet. dism'd, improvidently granted, 960 S.W.2d 82 (Tex. Crim. App. 1998) (holding
that the contemporaneous objection rule applies to allegations that the accused was
denied due process); Smith v. State, 993 S.W.2d 408, 410 (Tex. App.-Houston [14th Dist.]
1999, pet. ref'd) (holding that by failing to object to the bond conditions when they were
made, appellant failed to preserve error for appeal).

 Moreover, read in context, we find nothing that suggests the trial court
predetermined the outcome. In referring back to the cautions uttered when probating the
original sentence, the trial court simply informed appellant that he had been previously
warned and afforded a chance to redeem himself. This was then followed by iterations
revealing the court's reluctance to imprison appellant and its need to retain its credibility
and obtain the accused's attention. Simply put, a trial court need not utter hollow warnings
or advice to avoid allegations of impartiality. Surely, if children can recognize when parents
do not mean what they say, then so too can felons. 

 Lastly, the trial court had before it appellant's own admissions as well as other
evidence of his guilt. So too did it opt to render a lesser term of imprisonment than that
originally levied. These circumstances remove the situation before us from those indicative
of partiality. See Brumit v. State, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (holding
that the trial court's comments which included calling the defendant a predator did not
show bias or partiality when the record reflected that the trial court reviewed the evidence
and a predetermined sentence was not imposed). 

Issues Two and Three - Missing Records


 In his last two issues, appellant contends that the record does not support the
revocation because it omits the State's motion to revoke and the conditions of probation
originally imposed on him. Both appear in a supplemental clerk's record, however. 
Consequently, the issues are moot. See Sawyer v. State, 655 S.W.2d 226, 227 (Tex.
App.-Houston [14th Dist.] 1983, no pet.) (holding that complaints about documents missing
from the record are rendered moot when the documents are included in a supplemental
appellate record). 

 We affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice


Do not publish.