NO. 07-06-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 22, 2006

______________________________

AMELIA EUGINA MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 52,333-E; HONORABLE W.F. “CORKY” ROBERTS, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

ON ABATEMENT AND REMAND

Appellant Amelia Eugina Moore has given notice of appeal from a conviction and  sentence for forgery of a financial instrument.  The appellate court clerk received and filed the trial court clerk’s record on September 12, 2006, and received and filed the reporter’s record on August 28, 2006. 

Appellant’s brief was originally due on October 12, 2006.  Appellant’s appointed appellate counsel Cynthia J. Barela requested an extension of the due date.  This Court granted the request, but advised counsel that the Court ordinarily does not grant requests for subsequent extensions absent good cause, and that the Court does not generally consider the normal press of business to constitute good cause for an extension.  The extended due date was November 13.  

Appellant filed a second motion for extension. The second motion did not state the facts relied on to explain the need for an extension, as required by Rule of Appellate Procedure 10.5(b), and was deficient in other respects.  The Court directed counsel to re-submit the motion.  Counsel’s re-submitted motion represented that counsel did not anticipate further requests for an extension
, but still did not state the facts relied on to explain the need for an extension.  Noting that deficiency, the Court denied the motion, but extended the due date to December 8.

Appellant filed a third motion for extension.  This motion contained, as the facts supporting the need for extension, the statement, “Due to excessive court appearances and her schedule, Appellant’s Attorney has not had sufficient time do [sic] research and write a brief.”  The motion stated that one previous motion for extension had been granted, omitting the facts that a second motion and a re-submitted second motion had been filed but denied.  The motion repeated the representation that counsel did not anticipate further requests for an extension.  The motion requested an extension of the due date until January 7, 2007.  The Court denied the requested extension and set the due date for the brief for December 22, 2006.  
This Court’s December 8, 2006, letter setting the due date stated that additional extensions would not be granted “absent extreme and unusual circumstances.”  It also stated that failure to comply with the deadline could result in the appeal being abated and remanded to the trial court.  

On December 20, appellant filed a fourth motion for extension of time, requesting an extension until January 9, 2007.  As a statement of facts explaining the need, this motion contains the same statement as the previous motion.  Counsel gives no information that permits the Court to conclude she is facing extreme or unusual circumstances.  In fact, by simply repeating the statement from her previous motion, counsel leaves the distinct impression she simply is ignoring the clear language of the Court’s December 8 letter.  Appellant’s motion for extension is denied.

Accordingly, this appeal is abated and the cause is remanded to the trial court.  
Tex. R. App. P. 
38.8(b)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing, at which appellant’s present counsel shall personally appear, to determine: 

(1) whether appellant desires to prosecute this appeal;

if appellant desires to prosecute this appeal, the reasons for appellant’s counsel’s failure to comply with this Court’s directives;

if appellant desires to prosecute this appeal, whether appellant’s present counsel should be replaced; and

what orders, if any, should be entered to assure that the appeal will be diligently pursued if appellant desires to prosecute this appeal
.

If the trial court determines that the present attorney for appellant should be replaced, the court shall cause the clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.  

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  The hearing proceedings shall be transcribed and included in a supplemental reporter’s record.  Those supplemental records shall be submitted to the clerk of this Court no later than January 25, 2007.

Per Curiam

Do not publish.  
 mesßNewßRomanSåÆ4ææÅ2Variable
åÆ:ØÇÅ8HTMLßMarkup
åÆ2ãÅ0CommentàÕöÖüÜúùßß35;AGMSY_11.1.1.1.1.1.1.1.åÆ(ííÅæ O$
<Ñ6ÉXáå9`(ÑñúCourierßNewÖö\êöâèâ`õèñ&TimesßNewßRoman%Ö2ñáøA`ñÉñêArialåã#åÆ(M(å3($
 
0à3#Õåæåæå37=CIQYag1.a.i.(1)(a)(i)1)a)ÅRæi)åÆ(æÕåí#$
0ÕÆåèÉåÃÉÉd
 NO. 07-06-0373-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 27, 2007

______________________________

KYLE WAYNE PRATER, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 31
ST
 DISTRICT COURT OF HEMPHILL COUNTY;

NO.  2592; HON. STEVEN R. EMMERT, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Kyle Wayne Prater (appellant) appeals from the judgment revoking his community supervision.  He was originally convicted of possessing four or more but less than 200 grams of a controlled substance, a felony of the second degree.  His three issues involve whether the trial judge was fair, neutral and detached and the omission of documents (the motion to revoke and conditions of community supervision) from the appellate record.  We overrule each and affirm.  

Background

Appellant was indicted for possession of a controlled substance, convicted by a jury and assessed punishment at ten years in prison.  However, his sentence was suspended, and he was placed on community supervision for ten years.  Subsequently, the State moved to revoke appellant’s probation for a myriad of reasons including his continued use of controlled substances.  A hearing was held whereat appellant admitted true to most of the allegations in the State’s motion, including those involving controlled substances.  So too was other testimony received supporting the State’s motion.  Thereafter, the trial court found that appellant violated his probation and sentenced him to eight (not ten) years in prison.  

Issue One - Trial Court was Biased

In his first issue, appellant contends the trial court was not impartial or neutral.  This supposed lack of impartiality was evinced by its comment that “I told you that if you came back in here you weren’t going to like it. . . ”and its decision to set bail on appeal at $50,000.  Yet, appellant objected below neither to the court’s comment, to the amount of bail nor to the purported lack of impartiality.  Neither does the record reflect that appellant moved for a new trial based upon discovering the trial court’s supposed impartiality or moved for the judge’s recusal.  Consequently, the complaint was not preserved for review.  
Tex. R. App. P
.
 33.1; 
see Baxter v. State
, 936 S.W.2d 469, 471 (Tex. App.–Fort Worth 1996), 
pet. dism'd, improvidently granted
, 960 S.W.2d 82 (Tex. Crim. App. 1998) (holding that the contemporaneous objection rule applies to allegations that the accused was denied due process); 
Smith v. State, 
993 S.W.2d 408, 410 (Tex. App.–Houston [14
th
 Dist.] 1999, pet. ref’d) (holding that by failing to object to the bond conditions when they were made, appellant failed to preserve error for appeal).

Moreover, read in context, we find nothing that suggests the trial court predetermined the outcome.  In referring back to the cautions uttered when probating the original sentence, the trial court simply informed appellant that he had been previously warned and afforded a chance to redeem himself.  This was then followed by iterations revealing the court’s reluctance to imprison appellant and its need to retain its credibility and obtain the accused’s attention.  Simply put, a trial court need not utter hollow warnings or advice to avoid allegations of impartiality.  Surely, if children can recognize when parents do not mean what they say, then so too can felons. 

Lastly, the trial court had before it appellant’s own admissions as well as other evidence of his guilt.  So too did it opt to render a lesser term of imprisonment than that originally levied.  These circumstances remove the situation before us from those indicative of partiality.  
See Brumit v. State, 
206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (holding that the trial court’s comments which included calling the defendant a predator did not show bias or partiality when the record reflected that the trial court reviewed the evidence and a predetermined sentence was not imposed).  

Issues Two and Three - Missing Records

In his last two issues, appellant contends that the record does not support the revocation because it omits the State’s motion to revoke and the conditions of probation originally imposed on him.  Both appear in a supplemental clerk’s record, however.  Consequently, the issues are moot.  
See Sawyer v. State
, 655 S.W.2d 226, 227 (Tex. App.–Houston [14
th
 Dist.] 1983, no pet.) (holding that complaints about documents missing from the record are rendered moot when the documents are included in a supplemental appellate record). 

We affirm the judgment of the trial court.

Brian Quinn

          Chief Justice

Do not publish.