NO. 07-06-0373-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 27, 2007


______________________________



KYLE WAYNE PRATER, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;



NO. 2592; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Kyle Wayne Prater (appellant) appeals from the judgment revoking his community
supervision. He was originally convicted of possessing four or more but less than 200
grams of a controlled substance, a felony of the second degree. His three issues involve
whether the trial judge was fair, neutral and detached and the omission of documents (the
motion to revoke and conditions of community supervision) from the appellate record. We
overrule each and affirm. 

Background


 Appellant was indicted for possession of a controlled substance, convicted by a jury
and assessed punishment at ten years in prison. However, his sentence was suspended,
and he was placed on community supervision for ten years. Subsequently, the State
moved to revoke appellant's probation for a myriad of reasons including his continued use
of controlled substances. A hearing was held whereat appellant admitted true to most of
the allegations in the State's motion, including those involving controlled substances. So
too was other testimony received supporting the State's motion. Thereafter, the trial court
found that appellant violated his probation and sentenced him to eight (not ten) years in
prison. 

Issue One - Trial Court was Biased


 In his first issue, appellant contends the trial court was not impartial or neutral. This
supposed lack of impartiality was evinced by its comment that "I told you that if you came
back in here you weren't going to like it. . . "and its decision to set bail on appeal at
$50,000. Yet, appellant objected below neither to the court's comment, to the amount of
bail nor to the purported lack of impartiality. Neither does the record reflect that appellant
moved for a new trial based upon discovering the trial court's supposed impartiality or
moved for the judge's recusal. Consequently, the complaint was not preserved for review. 
Tex. R. App. P. 33.1; see Baxter v. State, 936 S.W.2d 469, 471 (Tex. App.-Fort Worth
1996), pet. dism'd, improvidently granted, 960 S.W.2d 82 (Tex. Crim. App. 1998) (holding
that the contemporaneous objection rule applies to allegations that the accused was
denied due process); Smith v. State, 993 S.W.2d 408, 410 (Tex. App.-Houston [14th Dist.]
1999, pet. ref'd) (holding that by failing to object to the bond conditions when they were
made, appellant failed to preserve error for appeal).

 Moreover, read in context, we find nothing that suggests the trial court
predetermined the outcome. In referring back to the cautions uttered when probating the
original sentence, the trial court simply informed appellant that he had been previously
warned and afforded a chance to redeem himself. This was then followed by iterations
revealing the court's reluctance to imprison appellant and its need to retain its credibility
and obtain the accused's attention. Simply put, a trial court need not utter hollow warnings
or advice to avoid allegations of impartiality. Surely, if children can recognize when parents
do not mean what they say, then so too can felons. 

 Lastly, the trial court had before it appellant's own admissions as well as other
evidence of his guilt. So too did it opt to render a lesser term of imprisonment than that
originally levied. These circumstances remove the situation before us from those indicative
of partiality. See Brumit v. State, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (holding
that the trial court's comments which included calling the defendant a predator did not
show bias or partiality when the record reflected that the trial court reviewed the evidence
and a predetermined sentence was not imposed). 

Issues Two and Three - Missing Records


 In his last two issues, appellant contends that the record does not support the
revocation because it omits the State's motion to revoke and the conditions of probation
originally imposed on him. Both appear in a supplemental clerk's record, however. 
Consequently, the issues are moot. See Sawyer v. State, 655 S.W.2d 226, 227 (Tex.
App.-Houston [14th Dist.] 1983, no pet.) (holding that complaints about documents missing
from the record are rendered moot when the documents are included in a supplemental
appellate record). 

 We affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice


Do not publish.



ber 28, 2007, the trial court held a suppression hearing on Appellant’s
motion. Detective Jerod Carr was the sole witness. Detective Carr testified that, on
October 4, 2007, he went to Appellant’s house shortly before 5:00 p.m. and arrested him
pursuant to a warrant. Appellant was nineteen years old and indicated he had smoked
marihuana earlier that day. When they arrived at the police station, he was given his
Miranda rights.


 From the time of his arrest through booking, he cried off and on. Initially,
he denied any wrongdoing, however, after less than an hour of questioning, he admitted
he had sexually assaulted the victim. After his admission, Detective Carr placed him in an
interrogation room and started videotaping his confession at 5:30 p.m. 
          At the outset of the videotape, Detective Carr again read Appellant his rights and
indicated that Appellant could terminate the interview at any time. Appellant initialed the
rights he was given and signed a written statement of his rights. He also signed a
statement indicating that all his statements were voluntary. Detective Carr reiterated that
Appellant was free to answer his questions or not. In the twenty-seven minute interview,
Appellant confessed to sexually assaulting the victim.
          After a psychiatric evaluation and hearing, on February 6, 2008, Appellant was
adjudged competent to stand trial. On March 31, 2008, Appellant was tried before the
court and found guilty of aggravated sexual assault and indecency with a child by contact. 
This appeal followed.
Discussion
          Appellant contends his confession was not voluntary because, at the time of his
statements, Detective Carr was wearing his gun and Appellant was suffering from a mental
disorder, scared, and crying. 
          We review a trial court’s ruling on a motion to suppress evidence under a bifurcated
standard of review. Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). The
trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight
to be given their testimony. Wiede v. State, 214 S.W.3d 17, 24-25 (Tex.Crim.App. 2007). 
Therefore, we give almost total deference to the trial court’s rulings on questions of
historical fact and application of law-to-fact questions that turn on an evaluation of
credibility and demeanor. Amador, 221 S.W.3d at 673. However, when application of law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review
the trial court’s rulings on those questions de novo. Id. 
          The statement of the accused may be used in evidence if it was freely and
voluntarily made without compulsion or persuasion. Tex. Code Crim. Proc. Ann. art. 38.21
(Vernon 2005). In deciding whether a statement was voluntary, we consider the totality of
the circumstances in which the statement was obtained. Creager v. State, 952 S.W.2d
852, 855 (Tex.Crim.App. 1997). A confession is involuntary if circumstances show that the
defendant’s will was “overborne” by police coercion. Id. at 856. The defendant’s will may
be “overborne” if the record shows that there was “official, coercive conduct of such a
nature” that a statement from the defendant was “unlikely to have been the product of an
essentially free and unconstrained choice by its maker.” Alvarado v. State, 912 S.W.2d
199, 211 (Tex.Crim.App. 1995). 
          Based on the evidence provided at the suppression hearing, the totality of
circumstances show that Appellant knowingly and voluntarily gave his statement after
being given his Miranda warnings. The record does not show that Appellant was under
duress or that Detective Carr coerced him by using improper promises or undue physical
or mental influence. The interview was relatively short, lasting less than an hour, and was
not taken in abnormally adverse conditions.


 At no point did Appellant request an attorney
or indicate that he wanted to terminate the interview. 
          There is nothing inherently inappropriate about the nature of police questioning in
this case. “Courts have long acknowledged the legitimate role of interrogation in the
investigation of crime.” Vasquez v. State, 179 S.W.3d 646, 657 n.7 (Tex.App.–Austin
2005), aff’d, 225 S.W.3d 541 (Tex.Crim.App. 2007). A defendant’s mental condition alone
is not determinative of the voluntariness of the confession but is only one factor to be
considered. Penry v. State, 903 S.W.2d 715, 744 (Tex.Crim.App. 1995), cert. denied, 516
U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). The question becomes one of whether
the accused’s mental impairment is so great that it rendered him incapable of
understanding the meaning and effect of his statement. Casias v. State, 452 S.W.2d 483,
488 (Tex.Crim.App. 1970). Further, while emotional confusion brought about by the stress
of the situation is relevant to the voluntariness determination, it is only one of the
circumstances to be considered. Licon v. State, 99 S.W.3d 918, 925-26 (Tex.App.–El
Paso 2003, no pet.) (“mere emotionalism or confusion alone will not render a confession
inadmissible”). 
          Appellant’s demeanor throughout the interview was calm and lucid. He did not
appear delusional or under the influence of drugs. Detective Carr testified that Appellant’s
fear stemmed from “what he had done and the consequences,” not the result of
mistreatment. Viewing the evidence in its totality, we find the trial court did not abuse its
discretion in denying Appellant’s motion to suppress. Appellant’s sole point of error is
overruled. 
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle 

                                                                                 Justice 



Do not publish.