NO. 07-06-0373-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 27, 2007
_____

KYLE WAYNE PRATER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF HEMPHILL COUNTY;

NO.  2592; HON. STEVEN R. EMMERT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Kyle Wayne Prater (appellant) appeals from the judgment revoking his community supervision.  He was originally convicted of possessing four or more but less than 200 grams of a controlled substance, a felony of the second degree.  His three issues involve whether the trial judge was fair, neutral and detached and the omission of documents (the motion to revoke and conditions of community supervision) from the appellate record.  We overrule each and affirm.

### Background

Appellant was indicted for possession of a controlled substance, convicted by a jury and assessed punishment at ten years in prison. However, his sentence was suspended, and he was placed on community supervision for ten years. Subsequently, the State moved to revoke appellant's probation for a myriad of reasons including his continued use of controlled substances. A hearing was held whereat appellant admitted true to most of the allegations in the State's motion, including those involving controlled substances. So too was other testimony received supporting the State's motion. Thereafter, the trial court found that appellant violated his probation and sentenced him to eight (not ten) years in prison.

### Issue One - Trial Court was Biased

In his first issue, appellant contends the trial court was not impartial or neutral. This supposed lack of impartiality was evinced by its comment that "I told you that if you came back in here you weren't going to like it. . ."and its decision to set bail on appeal at $50,000. Yet, appellant objected below neither to the court's comment, to the amount of bail nor to the purported lack of impartiality. Neither does the record reflect that appellant moved for a new trial based upon discovering the trial court's supposed impartiality or moved for the judge's recusal. Consequently, the complaint was not preserved for review. TEX. R. APP. P. 33.1; *see Baxter v. State*, 936 S.W.2d 469, 471 (Tex. App.–Fort Worth 1996), *pet. dism'd, improvidently granted*, 960 S.W.2d 82 (Tex. Crim. App. 1998) (holding that the contemporaneous objection rule applies to allegations that the accused was denied due process); *Smith v. State,* 993 S.W.2d 408, 410 (Tex. App.–Houston [14th Dist.]

1999, pet. ref'd) (holding that by failing to object to the bond conditions when they were made, appellant failed to preserve error for appeal).

Moreover, read in context, we find nothing that suggests the trial court predetermined the outcome. In referring back to the cautions uttered when probating the original sentence, the trial court simply informed appellant that he had been previously warned and afforded a chance to redeem himself. This was then followed by iterations revealing the court's reluctance to imprison appellant and its need to retain its credibility and obtain the accused's attention. Simply put, a trial court need not utter hollow warnings or advice to avoid allegations of impartiality. Surely, if children can recognize when parents do not mean what they say, then so too can felons.

Lastly, the trial court had before it appellant's own admissions as well as other evidence of his guilt. So too did it opt to render a lesser term of imprisonment than that originally levied. These circumstances remove the situation before us from those indicative of partiality. *See Brumit v. State,* 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (holding that the trial court's comments which included calling the defendant a predator did not show bias or partiality when the record reflected that the trial court reviewed the evidence and a predetermined sentence was not imposed).

### Issues Two and Three - Missing Records

In his last two issues, appellant contends that the record does not support the revocation because it omits the State's motion to revoke and the conditions of probation originally imposed on him. Both appear in a supplemental clerk's record, however. Consequently, the issues are moot. *See Sawyer v. State*, 655 S.W.2d 226, 227 (Tex.

3

App.–Houston [14ᵗʰ Dist.] 1983, no pet.) (holding that complaints about documents missing from the record are rendered moot when the documents are included in a supplemental appellate record).

We affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Do not publish.