ACCEPTED
06-16-00008-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/8/2016 4:56:23 PM
DEBBIE AUTREY
CLERK

No. 06-16-0008-CR
Trial Court No. 14F1096-102

IN THE COURT OF APPEALS
FOR THE SIXTH SUPREME JUDICIAL DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/9/2016 10:02:00 AM
DEBBIE AUTREY
Clerk

**Joshua Jacobs,**                                                 *Appellant*

**v.**

**The State of Texas,**                                              *State*

Appealed from the 102nd Judicial District Court
Bowie County, Texas



BRIEF FOR THE STATE
The State Does Not Request Oral Argument

**Respectfully submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501

By:     **Lauren N. Sutton**
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Texas Bar No. 24079421
Lauren.sutton@txkusa.org
**Attorneys for the State**

**In The Court of Appeals**
**For the Sixth Supreme Judicial District**
**At Texarkana, Texas**

| | | |
|---|---|---|
| Joshua Jacobs, | § | |
| *Appellant* | § | |
| | § | No. 06-16-00008-CR |
| v. | § | |
| | § | |
| The State of Texas, | § | BRIEF FOR THE STATE |
| *State* | § | |
| | § | |

**Identity of the Parties**

The following is a complete list of all the parties to the trial court's judgment as required by the provisions of Rule 38.2(a) of the Texas Rules of Appellate Procedure:

1. Defendant and Appellant:

   **Joshua Jacobs**

2. Attorneys for Appellant at trial:

   **Will Williams**
   Bowie County Public Defender's Office
   424 W. Broad Street
   Texarkana, Texas 75501

3. Attorney for appellant on appeal:

   **Troy Hornsby**
   1725 Galleria Oaks Drive
   Texarkana, TX 75503

i

4. Attorney for the State of Texas at trial:

   **Kelley Crisp**
   **Lauren Richards**
   Assistant District Attorneys
   601 Main Street
   Texarkana, Texas 75501

5. Attorney for the State of Texas on Appeal:

   **Lauren Richards**
   Assistant District Attorney
   601 Main Street
   Texarkana, Texas 75501
   Lauren.sutton@txkusa.org

6. Presiding Judge at trial:

   **Honorable Bobby Lockhart**
   District Court Judge
   102nd Judicial District
   Bowie County, Texas
   Bi-State Justice Building
   100 North State Line Avenue
   Texarkana, Texas 75501

# Table of Contents

Identity of the Parties and Counsel ..................................................................... i-ii

Table of Contents ........................................................................................... iii

Index of Authorities ..................................................................................... iv-v

Statement of the Case ........................................................................................1

Reply to Points of Error .....................................................................................2

Summary of the Argument ............................................................................... 3-4

Argument........................................................................................................ 5-24

       Reply to Points of Error Number One............................................. 5-11
       The Appellant's prior conviction was properly used to enhance
       his punishment.

       Reply to Point of Error Number Two ............................................. 5-11
       The trial court did not err is limiting Appellant's trial counsel's
       voir dire on prior extraneous offenses.

       Reply to Point of Error Number Three ........................................... 5-11
       Appellant's prior out-of-state conviction is admissible pursuant
       to Texas Code of Criminal Procedure article 38.37.

Prayer for Relief..............................................................................................25

Certificate of Compliance .................................................................................26

Certificate of Service .......................................................................................27

# Index of Authorities

**Cases**

*Anderson v. State*, 394 S.W.3d 531, 536. (Tex. Crim. App. 2013) ......................8,12

*Atkins v. State*, 951 S.W.2d 787 (Tex. Crim. App. 1997)........................................14

*Barnett v. State*, 344 S.W.3d 6 (Tex. App.—Texarkana 2011, pet. ref'd)...............14

*Brooks v. State*, 357 S.W.3d 777 (Tex.App.-Houston [14th Dist.] 2011, pet. ref'd)6,8

*Cuevas v. State*, 742 S.W.2d 331 (Tex. Crim. App. 1987)......................................14

*Easley v. State*, 424 S.W.3d 535 (Tex. Crim. App. 2014)......................................16

*Ex Parte White*, 211 S.W.3d 316 (Tex. Crim. App. 2007)......................................10

*Goodwin v. State*, 91 S.W.3d 912 (Tex. App—Fort Worth 2002, no pet.) .............18

*Hanson v. State*, 269 S.W.3d 130 (Tex. App.—Amarillo 2008, no pet.)................14

*Hill v. State*, 426 S.W.3d 868 (Tex. App.—Eastland 2014, pet. ref'd)....................13

*Kuhn v. State*, 45 S.W.3d 207 (Tex.App.–Texarkana 2001, pet. ref'd) .....................6

*Lincicome v. State*, 3 S.W.3d 644 (Tex. App.—Amarillo 1999, no pet.)................18

*Love v. State*, 861 S.W.2d 899 (Tex. Crim. App. 1993)...........................................18

*McCarter v. State*, 837 S.W.2d 117 (Tex. Crim. App. 1992).................................13

*McDaniel v. State*, 3 S.W.3d 176 (Tex. App.—Fort Worth 1999, pet. ref'd).........18

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990 (op. on reh'g) .......18

*Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd) .............18

*Prudholm v. State*, 333 S.W.3d 590 (Tex.Crim.App.2011).....................6,8,10,11,12

*Reichle v. State*, 06-14-00073-CR, 2015 WL 392846 (Tex. App.—Texarkana Jan. 30, 2015, pet. ref'd) ........................................................................15,16

*Robinson v. State*, 35 S.W.3d 257 (Tex. App.—Texarkana 2000, pet. ref'd).........18

*Sherman v. State*, 20 S.W.3d 841 (Tex. App.—Texarkana 2000, no pet.)..............18

*Taylor v. State*, 93 S.W.3d 487 (Tex. App—Texarkana 2002, pet. ref'd.) .............18

*Texas Department of Public Safety v. Garcia*, 327 S.W. 3d 898 (2010)...................9

*Thompson v. State*, 267 S.W.3d 514 (Tex. App.—Austin 2008, pet. ref'd) ............13

*Weatherred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000)..................................18

*Wheeler v. State*, 67 S.W.3d 879 (Tex. Crim. App. 2002) ......................................18

## Texas Code of Criminal Procedure

Texas Code Crim. Proc. art. 38..37 § 2(b) .............................................................19

## Texas Penal Code

Tex. Penal Code § 22.011 .......................................................................................11

Tex. Penal Code § 12.42(c)(2) .................................................................................16

## Texas Rules of Appellate Procedure

Tex. R. App. Proc. 44.2(b)........................................................................................16

## Louisiana Revised Statutes

Louisiana Revised Statutes Sec. 14.80 ......................................................................9

Louisiana Revised Statutes Sec. 14.81.2(B)(1) .......................................................12

## Statement of the Case

Appellant, Joshua Jacobs, was found of guilty by the jury of Aggravated Sexual Assault of a Child. After pleading "true" to the enhancement that he was previously convicted of a Felony Carnal Knowledge of a Juvenile, Appellant was automatically sentenced to Life in the Texas Department of Criminal Justice-Institutional Division by the Judge. Jacobs then perfected appeal to this Honorable Court. He now appeals the verdict of the trial court on a three points of error.

# Reply to Points of Error

## REPLY TO POINTS OF ERROR NUMBER ONE:

The Appellant's prior conviction was properly used to enhance his punishment.

## REPLY TO POINT OF ERROR NUMBER TWO:

The trial court did not err is limiting Appellant's trial counsel's voir dire on prior extraneous offenses.

## REPLY TO POINT OF ERROR NUMBER THREE:

Appellant's prior out-of-state conviction is admissible pursuant to Texas Code of Criminal Procedure article 38.37.

# Summary of the Argument

REPLY TO POINTS OF ERROR NUMBER ONE:

*The Appellant's prior conviction was properly used to enhance his punishment.*

Appellant argues the trial court incorrectly found his prior conviction from Louisiana for Felony Carnal Knowledge of a Juvenile is substantially similar to the Texas offense of Sexual Assault of a Child. He argues the Louisiana conviction should don't have been used to enhance his punishment pursuant to Texas Penal Code § 12.41(c)(2).

However, the elements of the prior Louisiana offense and Texas offense each display a high degree of likeness. Additionally, the elements of each are substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offense. Therefore, the offenses are substantially similar and the trial court did not abuse its discretion in making such a determination.

REPLY TO POINT OF ERROR NUMBER TWO:

*The trial court did not err is limiting Appellant's trial counsel's voir dire on prior extraneous offenses.*

In his second point of error, the Appellant argues the trial court erred when it was restricted in voir dire from referring to his prior Louisiana conviction for felony carnal knowledge of a juvenile as a "sexual offense." However, the trial court did not abuse its discretion because the limitation on the defense voir dire was reasonable.

REPLY TO POINT OF ERROR NUMBER THREE:

*Appellant's prior out-of-state conviction is admissible pursuant to Texas Code of Criminal Procedure article 38.37.*

In his third point of error, Appellant argues that because his prior conviction for Felony Carnal Knowledge of a Juvenile is a Louisiana conviction, it is not admissible under Texas Code of Criminal Procedure art. 38.37. However, nothing in article 38.37 prohibits the use of a prior conviction or extraneous offense because the act occurred in another state.

# Argument

## <u>Reply to Points of Error One</u>

*The Appellant's prior conviction was properly used to enhance his punishment.*

Appellant argues the trial court incorrectly found his prior conviction from Louisiana for Felony Carnal Knowledge of a Juvenile is substantially similar to the Texas offense of Sexual Assault of a Child. He argues the Louisiana conviction should don't have been used to enhance his punishment pursuant to Texas Penal Code § 12.41(c)(2).

However, the elements of the prior Louisiana offense and Texas offense each display a high degree of likeness. Additionally, the elements of each are substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offense. Therefore, the offenses are substantially similar and the trial court did not abuse its discretion in making such a determination.

### Argument and Authorities

### A. Standard of Review

Appellant claims that his prior Louisiana offense is not substantially similar to the offenses listed Penal Code section 12.42(c)(2)(B)(i), (ii), (iii), or (iv) and, therefore, could not be used to trigger a mandatory life sentence.

The reviewing court must review the trial court's interpretation of the Louisiana and Texas statutes on a de novo basis.[1].

## B. Application of Law to Facts

Section 12.42 of the Texas Penal Code provides enhanced penalties for repeat sex offenders.[2] Section 12.42(c)(2) effectively creates a "two-strikes policy" for repeat sex offenders in Texas, embodying the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders.[3] Section 12.42(c)(2) mandates a life sentence for a defendant convicted of a sexual offense listed in subsection (c)(2)(A) that he committed after previously having been convicted of any of the enumerated sexual offenses in subsection (c)(2)(B) or "under the laws of another state containing elements that are substantially similar to the elements of an [enumerated] offense."[4]

In the present case, the Appellant is a registered sex offender and has been so designated in this jurisdiction since on or about May 10, 2013. (C.R. p. 260, Exhibit A, Sex Offender Registration Form.) On his sex offender registration form, it is noted that the defendant's out of state conviction was for Carnal Knowledge of Juvenile and that the registering Texas offense is listed as 1199002, the DPS code

---

[1] *See Kuhn v. State,* 45 S.W.3d 207, 209 (Tex. App.–Texarkana 2001, pet. ref'd)

[2] *Prudholm v. State,* 333 S.W.3d 590, 592 (Tex. Crim. App. 2011); *Brooks v. State,* 357 S.W.3d 777, 785 (Tex.App.-Houston [14th Dist.] 2011, pet. ref'd).

[3] *Prudholm,* 333 S.W.3d at 592; *Brooks,* 357 S.W.3d at 785–86.

[4] *Prudholm,* 333 S.W.3d at 592; *Brooks,* 357 S.W.3d at 786; *see also* Tex. Penal Code § 12.42(c)(2).

6

for Sexual Assault of a Child. (C.R. p. 260; 262 Exhibit B, Texas Department of Public Safety's List of Sexual Offense Codes). The DPS determinations under Article 62.003, Code of Criminal Procedure of offenses under the laws of the State of Louisiana clearly state that Felony Carnal Knowledge of a Juvenile is substantially similar to the Texas Offense of Sexual Assault of a Child. (C.R. p. 264-275, Exhibit C, DPS Determinations List for State of Louisiana).

In this case, Appellant acknowledged through his sexual offender registration, that his out of state conviction for Felony Carnal Knowledge of a Juvenile is substantially similar to Sexual Assault of a Child, a Texas offense. For over two years, the defendant was in compliance with his registration requirements and has not contested the finding of substantial similarity. It is only now, after the defendant has reoffended and committed a second sexual assault of a child offense, and subsequently been sentenced to life in prison, that he argues that the offenses are not similar.

Appellant does not attack the jury's findings that he was guilty of aggravated sexual assault of a child. Instead, he argues the trial court erred by determining that the Louisiana offense of sexual battery qualifies as a substantially similar sexual offense in Texas for purposes of section 12.42.

Before using a prior conviction from another state for this purpose, the trial court first must take judicial notice of the relevant out-of-state sexual offense and

7

make a finding that the elements of that offense are substantially similar to the elements of a Texas sexual offense enumerated in section 12.42(c)(2)(B).[5]

In determining whether an out-of-state sexual offense contains "substantially similar" elements, courts use a two-pronged approach.[6] First, they must determine whether the elements of each offense "display a high degree of likeness."[7] Generally, but not always, the analysis focuses on the elements of the offense.[8] Next, it must be determined whether the elements are substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offense.[9] The second prong is a two-step analysis.[10] The Court must determine whether there is a similar danger to society that the statute seeks to prevent, and then whether the class, degree, and punishment range of the two offenses are similar.[11]

In the present case, the Appellant's trial counsel filed "Defendant's Brief and Objection to a Finding of Substantial Similarity of an Alleged Conviction from Louisiana Pursuant to 12.42(c)(2)(B)(v)." (C.R. p. 186). The trial court held a hearing on the issue and took judicial notice of the Appellant's Louisiana sexual offense and made a finding that the elements of that offense are substantially

---

[5] *Brooks,* 357 S.W.3d at 786.
[6] *See Prudholm v. State,* 333 S.W.3d 590, 593–95 (Tex. Crim. App. 2011).
[7] *Id.* at 594.
[8] *Anderson v. State,* 394 S.W.3d 531, 536. (Tex. Crim. App. 2013).
[9] *Id.*
[10] *Id.*
[11] *Id.*

similar to the elements of a Texas sexual offense enumerated in section 12.42(c)(2)(B). (R.R. Vol. 12, p. 61-66;74-77). In making this determination the trial court took into account the language was almost identical to the Louisiana statute and when compared the elements displayed a high degree of likeness, and that the statutes were substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offenses. (R.R. Vol. 12, p. 76-78). Thus, the trial court determined all prongs of the substantial similarity analysis weighed in favor of a finding that the two offense are substantially similar.

It is significant in the substantial similarity test to determine if the person guilty of the [out of state] law would also be guilty under the Texas law.[12] Here, the defendant plead guilty to Felony Carnal Knowledge of a Juvenile. Under the laws of the State of Louisiana, Felony Carnal Knowledge of a Juvenile is committed when:

(1) A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater.[13]

---

[12] *See Texas Department of Public Safety v. Garcia*, 327 S.W.3d 898 (2010).
[13] Louisiana Revised Statutes Sec. 14.80.

9

Under the laws of the State of Texas, if an individual has sexual relations with a juvenile under the age of 17 years, that person would be guilty of Sexual Assault of a Child. There is no requirement that the two statutes be identical.[14] A statute from another jurisdiction may be considered to be substantially similar even if a defendant would not be subject to conviction under the Texas statute. The critical question appears to be whether the compared offenses protect the same individual or public interests. In *Ex Parte White*, the Court of Criminal Appeals held that a Delaware statute and a Texas statute were substantially similar despite multiple differences.[15]

An evaluation of the *Prudholm* factors establish that the Appellant's Louisiana conviction is substantially similar to the Texas statute.

**a. Degree of Likeness**

Both statutes criminalize the same type of conduct using similar approaches. While the Texas statute prohibits a wider range of conduct with respect to child victims than the Louisiana statute, it also prohibits oral, vaginal, or anal intercourse with children 13 years old but under 17 years old. Like the Texas statute, the Louisiana statute prohibits oral, vaginal, and anal intercourse with a child victim 13 years or older but under 17 years of age. The statutes further limit the age of the

---

[14] *Prudholm v. State*, 227 S.W. 3d 590 (Tex. Crim. App. 2011).
[15] *Ex Parte White,* 211 S.W. 3d 316 (Tex. Crim. App. 2007).

victim—17 for both Texas and Louisiana.[16] One difference in the two is that the Louisiana statutes requires a consent element with respect to child-victims, while in the Texas statute, consent of a child-victim is an impossibility. This difference is not dispositive, and after fully analyzing the elements of each statute, this Court can conclude the minor differences between the two statutes do not manifest an intent to punish different prohibited conduct. As a result, the statutes meet the first prong of *Prudholm.*

### b. Individual or Public Interests Protected

The interest protected by the Louisiana Felony Carnal Knowledge of a Juvenile statute is clear. The statute aims to safeguard children from improper sexual contact. Likewise, the Texas Sexual Assault of a Child statute protects the same public interest. Both statutes serve the same public interest by criminalizing the same type of contact.

### c. Impact of the Elements on the Seriousness of the Offense

The Texas offense of sexual assault of a child is a second-degree felony, punishable by two to twenty years' imprisonment and a fine not to exceed $10,000.[17] The Louisiana statute punishment range is not less than five years nor

---

[16] *See Prudholm,* 333 S.W.3d at 594(explaining that a one-year age difference in different states statutory definitions of "child" is a good example of elements that are substantially similar, but not identical).

[17] Tex. Penal Code § 22.011.

more than 10 years and a fine not to exceed $5,000.[18] In *Prudholm,* the Texas Court of Criminal Appeals concluded that the California offense of sexual battery did not satisfy this requirement with respect to the Texas offenses of sexual assault or aggravated kidnapping.[19] The California offense was a misdemeanor with a sentence of up to six months in prison, while Texas sexual assault is a second-degree felony with a sentence of up to twenty years' in prison. In this case, the two charges have much more similar punishment ranges. Therefore, this factor weighs against a finding that the statutes are "substantially similar."

No single factor in the analysis is dispositive, so this Court must weigh all factors before making a determination.[20] The elements of the two statutes–the Louisiana offense of Felony Carnal Knowledge of a Juvenile and the Texas offense of Sexual Assault of a Child–are "substantially similar." Both statutes seek to criminalize specific sexual acts against children. While the penalties for such conduct are less severe in Louisiana than in Texas, the "degree of likeness" and similar "interests protected" outweigh the sentencing variation. Therefore, the trial court was correct in finding that the two offenses were substantially similar.

For these reasons, Appellant's point of error number one should be overruled.

---

[18] Louisiana Revised Statutes Sec. 14:81.2(B)(1)
[19] *See Prudholm,* 333 S.W.3d at 599–600.
[20] *Anderson,* 394 S.W.3d at 537.

# **Reply to Point of Error Two**

*The trial court did not err is limiting Appellant's trial counsel's voir dire on prior extraneous offenses.*

In his second point of error, the Appellant argues the trial court erred when it was restricted in voir dire from referring to his prior Louisiana conviction for felony carnal knowledge of a juvenile as a "sexual offense." However, the trial court did not abuse its discretion because the limitation on the defense voir dire was reasonable.

## **Argument and Authorities**

### **A. Standard of Review**

A trial court's decision to limit voir dire is reviewed under an abuse of discretion.[21] The trial court abuses its discretion when it limits a proper question concerning a proper area of inquiry.[22] Instead, to establish that the trial court abused its discretion, the complaining party must show that (1) he did not attempt to prolong voir dire, and (2) the questions he sought to ask were not improper voir dire questions.[23]

---

[21] *Hill v. State,* 426 S.W.3d 868, 874 (Tex. App.—Eastland 2014, pet. ref'd)
[22] *Thompson v. State,* 267 S.W.3d 514, 517 (Tex. App.—Austin 2008, pet. ref'd) (quoting *Dinkins v. State,* 894 S.W.2d 330, 345 (Tex. Crim. App. 1995)).
[23] *See McCarter v. State,* 837 S.W.2d 117, 121 (Tex. Crim. App. 1992) (applying two-prong test when defendant was in process of asking questions to entire panel, not individual members).

## B. Application of Law to Facts

Texas courts allow parties to voir dire a jury panel about the law applicable to the enhancement of punishment but the explanation must be hypothetical and should not inform the jury of any specific allegation in the enhancement paragraph of the indictment.[24] The use of hypotheticals during voir dire is meant to avoid "commit[ting] the [prospective] jurors to particular circumstances."[25]

Prior to voir dire, the Appellant's trial counsel submitted questions to the court which it intended to ask the jury panel. (R.R. Vol. 13, p. 4). The proffered questions sought to inform the jury that if evidence of a prior sexual offense is introduced, the jury must still find all elements of the instant offense beyond a reasonable doubt. After a review of the questions, and hearing arguments from the defense and the state, the court determined that the defense would be allowed to ask the questions, but would be prevented to referring to prior offenses as sexual offenses. (R.R. Vol. 13, p. 13).

It is of special note that the court agreed with the State that it had recently been extremely difficult seating juries and that voir dire had gotten very confusing and upsetting for jury panels. (R.R. Vol. 13, p. 12). The Defendant's questions

---

[24] *Hanson v. State,* 269 S.W.3d 130, 134 (Tex. App.—Amarillo 2008, no pet.) (citing *Jack v. State,* 867 S.W.2d 942, 944 (Tex. App.—Beaumont 1993, no pet.)); *see Barnett v. State,* 344 S.W.3d 6, 20 (Tex. App.—Texarkana 2011, pet. ref'd) (informing jury panel of specific allegations of enhancement is improper).
[25] *Atkins v. State,* 951 S.W.2d 787, 789 (Tex. Crim. App. 1997); *see Cuevas v. State,* 742 S.W.2d 331, 336 n.6 (Tex. Crim. App. 1987).

sought to commit panel members that they would not be influence by the facts of the extraneous offense, when article 38.37 specifically allows the jury to be so influence. (R.R. Vol. 13, p. 12). The trial court, in efforts to avoid confusion and poisoning the panel imposed the reasonable restriction that the defense counsel be allowed to refer to other felony offenses, but not specifically refer to them as sexual offense. (R.R. Vol. 13, p. 13).

This Court addresses a similar situation in *Reichle v. State*, and found the trial court's restriction was reasonable.[26] In the present case, while discussing the matter prior to voir dire, the trial court also relied on the guidance from this Court in *Reichle*. (R.R. Vol. 13, p. 5). Appellant seeks to distinguish *Reichle* from the present case by pointing out the defense in *Reichle* was precluded from discussing specific facts of the prior offenses. The State argues that the effect on the panel would be virtually the same, even though Jacob's counsel was not going to address specific facts of the prior offenses, the mention of an unrelated sexual offense would create the same problematic issues.

By seeking to inform the jury of the fact the defendant had previously been convicted of a sexual offense, Jacobs trial counsel was seeking a commitment from the panel that they would not be influenced by the facts of the extraneous offenses,

---

[26] *Reichle v. State*, 06-14-00073-CR, 2015 WL 392846, at *7 (Tex. App.—Texarkana Jan. 30, 2015, pet. ref'd)

15

even though Article 38.37 specifically allows the jury to be so influenced.[27] In this circumstance, there was no abuse of discretion in the trial court's limitation of the presentation of the specific offense during voir dire.

## C. Harm Analysis

Should this court determine that trial court abused its discretion and did not allow the defense to ask appropriate questions, it must next be determined if the Appellant suffered harm. Generally, the denial of appropriate questioning during voir dire constitutes non-constitutional error which is subject to a harm analysis.[28]

During the defense voir dire, he informed the panel,

"In a trial of this nature, if there's evidence that a defendant has committed a separate unrelated offense described by Chapter 22 of the Penal Code of assaultive offenses, that can be admitted at the trial for aggravated assault of a trial, and the jury is allowed to use that for any reason, any relevant reason and permissible reason, for the character of the defendant, did he acct on that character. So there's different reasons you can use it, but before you can use that information, the State has to prove to you beyond a reasonable doubt that that occurred, too, okay? Does that make sense? So if anything like that comes in, the Judge gives you an instruction that says, you can't even consider this unless you believe it beyond a reasonable doubt. That's a hard thing to do, to hear something and then not consider it if you don't think they proved it beyond a reasonable doubt. Does anybody think they'd have a hard problem not considering something if the State didn't prove it beyond a reasonable doubt?" (R.R. Vol. 13, p. 88).

---

[27]*Reichle v. State*, 06-14-00073-CR, 2015 WL 392846, at *7 (Tex. App.—Texarkana Jan. 30, 2015, pet. ref'd)(Stating Article 38.37 would allow the jury to consider the extraneous offenses "for any bearing the evidence ha [d] on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.")

[28] *See* Tex. R. App. Proc. 44.2(b); *Easley v. State,* 424 S.W.3d 535, 541 (Tex. Crim. App. 2014).

The defense continued to reiterate to the jury that they must hold the State to it's burden on the unrelated offense before they could use it as evidence of the instant offense. (R.R. Vol. 13, p. 90).

Appellant was allowed to thoroughly question the panel on this topic. (R.R. Vol. 13, p. 88-91). It cannot be said that the Appellant was harmed by the trial court's limitation on their voir dire. For the above-mentioned reasons, Appellant's second point of error should be overruled.

## Reply to Point of Error Three

*Appellant's prior out-of-state conviction is admissible pursuant to Texas Code of Criminal Procedure article 38.37.*

In his third point of error, Appellant argues that because his prior conviction for Felony Carnal Knowledge of a Juvenile is a Louisiana conviction, it is not admissible under Texas Code of Criminal Procedure art. 38.37. However, nothing in article 38.37 prohibits the use of a prior conviction or extraneous offense because the act occurred in another state.

17

**Argument and Authorities**

## A. Standard of Review

A trial court has considerable discretion in determining whether to admit or exclude evidence.[29] When considering whether a trial court's decision to admit or exclude evidence is error, an appellate court must determine whether the trial court abused that discretion.[30] This inquiry depends on the facts of each case.[31] An abuse of discretion occurs only when the trial court acts arbitrarily or unreasonably without reference to any guiding rules or principles.[32] Even if the reviewing court might have reached a different result, the court must uphold the trial court's decision to admit or exclude evidence if it was within the "zone of reasonable disagreement."[33]

## B. Application of Law to Facts

Appellant claims that because Article 38.37 does not expressly allow for the admission of out of state offenses or convictions, such should not be admitted into evidence pursuant to Article 38.37.

---

[29] *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990 (op. on reh'g); *McDaniel v. State*, 3 S.W.3d 176, 180 (Tex. App.—Fort Worth 1999, pet. ref'd).

[30] *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Robinson v. State*, 35 S.W.3d 257, 263 (Tex. App.—Texarkana 2000, pet. ref'd).

[31] *Love v. State*, 861 S.W.2d 899, 904 (Tex. Crim. App. 1993); *Sherman v. State*, 20 S.W.3d 841, 847 (Tex. App.—Texarkana 2000, no pet.).

[32] *Lincicome v. State*, 3 S.W.3d 644, 646 (Tex. App.—Amarillo 1999, no pet.); *Phelps v. State*, 999 S.W.2d 512 (Tex. App.—Eastland 1999, pet. ref'd); *see Montgomery*, 810 S.W.2d at 372.

[33] *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (citing *Montgomery*, 810 S.W.2d at 391); *Weatherred*, 15 S.W.3d at 542; *Taylor v. State*, 93 S.W.3d 487, 505-506 (Tex. App—Texarkana 2002, pet. ref'd.); *Goodwin v. State*, 91 S.W.3d 912, 917 (Tex. App—Fort Worth 2002, no pet.).

The Appellant's trial counsel filed a 'Defendant's Motion to Exclude Evidence Offered by the State Pursuant to Tex. Code of Crim. Proc. Art. 38.37' (C.R. p. 178). The basis of the motion was that Article 38.37 only applies to Appellant's offenses committed within the State of Texas. The trial court addressed the motion, and overruled the Appellant's objection to the evidence on that basis. (R.R. Vol. 12, p. 26). The reasoning for the court's ruling was that based on the court's interpretation of the case law, the extraneous offense does not have to be a Texas offense to be introduced under Article 38.37. (R.R. Vol. 12, p. 26).

Appellant argues on appeal that the trial court abused its discretion in allowing the evidence of Appellant's prior out-of-state conviction pursuant to Article 38.37. However, there is no requirement that the separate offense be an offense committed within the state of Texas.

Texas Code of Criminal Procedure Article 38.37 allows for the admission of evidence that a defendant previously committed another offense in the same category as the primary offense for which he is on trial. The statue provides:

> (b) Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2–a*, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2)* may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.[34]

---

[34] Tex. Code Crim. Proc. art. 38.37, § 2(b) (emphasis added).

The purpose of Article 38.37 is to allow evidence that the defendant acted in conformity with his character to sexually assault children. In subsection (b) it clearly states that the separate offense must only be **described** by Subsection (a)(1) or (2). The statute does not require that the suspect have been charged with an offense described in Subsection (a)(1) or (2). It also does not require that the suspect have been convicted of an offense described in Subsection (a)(1) or (2). The requirement is that there be evidence the defendant committed an offense, and that offense must be described in Subsection (a)(1) or (2). If the legislature had intended to restrict article 38.37 to only conduct occurring in Texas, the statute would read, '..evidence that the defenand has committed a separate offense **listed in** Substection (a)(1) or (2).' Instead, it only requires that the separate offense be described by the acts listed in Subsection (a)(1) or (2). It has in dispute that the separate offense committed by the Appellant in Louisiana, if the conduct occurred in Texas, would be described as Sexual Assault of a Child, which is listed in Subsection (a)(1).

To preclude the introduction of such evidence based on a geographic restriction would reach an absurd result. The fact that the defendant committed other sexual offenses against children but they occurred in another state should not exempt such conduct from being introduced at his trial for a subsequent sexual offense against a child. Had the Appellant committed the same conduct for which

20

he was found guilty in Louisiana, he would be guilty under the Texas Penal Code of Sexual Assault of a Child.

Appellant cites no binding precedent for his contention that an out-of-state conviction should not be admissible under Texas Code of Criminal Procedure article 38.37, but admits this is an issue of first impression. His contention is based solely on an interpretation of the statute which would produce absurd results.

For the above-mentioned reasons, Appellant's third point of error should be overruled.

## Prayer for Relief

**WHEREFORE, PREMISES CONSIDERED,** there being legal and competent evidence sufficient to justify the conviction and punishment assessed in this case and no reversible error appearing in the record of the trial of the case, the State of Texas respectfully prays that this Honorable Court affirm the judgment and sentence of the trial court below.

**Respectfully Submitted:**

**Jerry D. Rochelle**
*Criminal District Attorney*
Bowie County, Texas
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819


_/s/ Lauren N. Sutton_____
By:    Lauren N. Sutton
*Assistant District Attorney*
601 Main Street
Texarkana, Texas 75501
Phone: (903) 735-4800
Fax: (903) 735-4819
Lauren.sutton@txkusa.org

**Attorneys for the State**

22

## Certificate of Compliance

I, Lauren N. Richards, certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellee's Brief contains 4,054 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Lauren N. Richards
**Lauren N. Richards**

## Certificate of Service

I, Lauren N. Richards, certify that I have served a true and correct copy of the foregoing Brief for the State upon Mr. Troy Hornsby, Attorney for Appellant, on this the 8rd day of September 2016.

__/s/ Lauren N. Richards_____
**Lauren N. Richards**