

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0986-12

**SEAN ANDERSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

**COCHRAN, J., delivered the opinion of the unanimous Court.**

O P I N I O N

A jury convicted appellant of three counts of sexual assault and one count of

unauthorized use of a motor vehicle. At sentencing, the trial judge ruled that appellant's 2004

North Carolina conviction for "Taking Indecent Liberties With Children"[1] had "substantially

similar" elements to the Texas offense of "Indecency with a Child."[2]  Because of that prior

---

[1]  N.C. GEN. STAT. § 14-202.1.

[2]  TEX. PENAL CODE § 21.11.

North Carolina conviction, the trial judge sentenced appellant to the statutorily required life sentence for each count of sexual assault.[3]

On appeal, appellant claimed, *inter alia*, that the trial judge erred in finding "substantial similarity" between the Texas and North Carolina offenses, but the court rejected appellant's claim and affirmed his three life sentences.[4] We granted appellant's petition for discretionary review[5] to determine whether the lower court's analysis under *Prudholm v. State*[6] was (1) incomplete because it did not explicitly include a comparison of the "impact of the elements on the seriousness of the offenses," or (2) mistaken because the North Carolina statute encompasses a markedly different range of conduct. We conclude that the two offenses do not contain elements that are substantially similar.

---

[3] TEX. PENAL CODE § 12.42(c)(2)(B)(v) ("a defendant shall be punished by imprisonment . . . for life if . . . the defendant has been previously convicted of an offense . . . under the laws of another state containing elements that are substantially similar to the elements of an offense listed" in an earlier section of the statute, including indecency with a child).

[4] *Anderson v. State*, No. 13-10-00654-CR, 2012 WL 2470002, * 4–5 (Tex. App.—Corpus Christi June 28, 2012) (not designated for publication).

[5] Appellant's grounds for review are as follows:
1. Whether a *Prudholm* analysis pursuant to Penal Code 12.42(c)(2)(B)(v) requires the reviewing court to compare the ranges of punishment to determine the impact of the elements on the seriousness of the offense.
2. Whether the Thirteenth Court of Appeals erred in affirming Petitioner's automatic life sentence under Texas Penal Code 12.42(c)(2)(B)(v) because the North Carolina law that proscribes photographing a naked child, masturbation within a child's sight, and a variety of other acts not proscribed by Texas Penal Code § 22.11 is not substantially similar to Texas Penal Code § 22.11.

[6] 333 S.W.3d 590 (Tex. Crim. App. 2011).

I.

Appellant was charged with three counts of sexual assault and one count of unauthorized use of a motor vehicle. The evidence showed that appellant and J.K. were fellow employees, though "not good friends," at the Beach Gate CondoSuites & Hotel. One day, appellant, J.K., and two hotel guests gathered in the guests' room to celebrate appellant's birthday. Before joining the others, J.K. had "several shots" of vodka alone in her room. Appellant later gave her some Xanax, and she continued to drink alcohol, smoke marijuana, and take Xanax during the evening. By all accounts, she was highly intoxicated.

J.K. admitted that she did not recall much of what happened that night at the party after she took the Xanax and had two drinks. Her next memory was waking up in appellant's room the following morning with "soreness on [her] inner thighs," a feeling that J.K. "would often get if [she] had had sex the previous night." She also noticed a condom on the night stand. At first she couldn't find her wallet, but she later located it in a plastic bag in the bathroom garbage can. It was missing $400. As she left, she noticed that her car was not parked in its usual spot and that someone had "yanked or cut or messed with" some wires under the driver's side dashboard. The defense's position was that appellant had had consensual sex with J.K. and she had given him permission to use her car. The jury found appellant guilty on all counts.

The trial judge conducted sentencing and admitted the North Carolina judgment for "Indecent Liberties." He noted that this prior felony conviction would at least enhance the

punishment for appellant's second-degree sexual-assault felonies to first-degree felonies[7] and potentially require automatic life sentences. That determination hinged on whether the elements of the North Carolina offense were "substantially similar" to the elements of any of the sex offenses listed in Texas Penal Code § 12.42(c)(2)(B). The North Carolina judgment states that "Indecent Liberties" is a Class F Felony and that appellant was sentenced to 13–16 months' imprisonment.[8] However, the judgment did not set out any elements of the offense.

The State argued that appellant's "Indecent Liberties" conviction had elements that were substantially similar to the Texas offense of "Indecency with a Child." Therefore, under Section 12.42(c)(2), appellant's sentence was fixed by statute at life imprisonment for each count. Appellant argued that the two statutes did not contain substantially similar elements; therefore, appellant's punishment for each count was enhanced to that of a first-degree felony with a punishment range between 5–99 years or life under Section 12.42(b). The parties agreed that there were no Texas cases comparing the two statutes and that the issue of whether the elements were "substantially similar" was a question of pure law. The trial judge recessed the hearing to consider the issue "because it makes the difference between an automatic life sentence or 5 years to 99." After a one-month recess, the trial

---

[7] TEX. PENAL CODE §12.42(b).

[8] The minimum range of punishment for "Indecent Liberties" for first offenders was, at the time of appellant's conviction, 10–20 months' imprisonment, with a corresponding maximum range of 12–24 months. *See* note 45, *infra*.

judge held that the statutes' elements were substantially similar and assessed punishment for appellant's sexual-assault offenses at three concurrent life sentences.

On direct appeal, appellant claimed that the trial judge erred as a matter of law in ruling that the statutory elements were substantially similar. The court of appeals, applying a *de novo* standard of review, set forth the proper analytical framework:

> [T]o conclude that two offenses contain substantially similar elements, we first determine if the elements being compared "display a high degree of likeness." We then must decide whether the elements are substantially similar with respect to the individual or public interests protected and the impact of the elements on the seriousness of the offense. The offenses may be less than identical. Therefore, "one offense need not have every element of the other."[9]

The court looked to North Carolina case law that detailed some of the conduct falling under the "Indecent Liberties" statute and noted,

> Although the elements of both statutes are not identical . . . and the North Carolina statute criminalizes behavior not contemplated by the Texas statute, we conclude that they are similar enough to indicate a high degree of likeness, and thus, satisfy the first part of the substantially similar test.[10]

The court then stated that both statutes seek to "safeguard children from improper sexual touching and/or sexual exposure" by "punish[ing] the sexually-motivated touching of children or sexually-motivated exposure . . . to children,"[11] and concluded that the statutes therefore contained substantially similar elements. The court affirmed appellant's conviction

---

[9] *Anderson*, 2012 WL 2470002, at *4 (citations omitted).

[10] *Id.* at *4–5.

[11] *Id.* at *5.

and sentence.

II.

Section 12.42 of the Texas Penal Code provides for enhanced punishments for those who are convicted of first-, second-, or third-degree felony offenses and who have prior non-state-jail felony convictions.[12] The enhancement statute increases the punishment range from a third-degree felony to a second-degree felony or a second-degree felony to first-degree felony for one prior felony conviction. It also enhances a first-degree felony (5–99 years or life) to an enhanced first-degree (15–99 years or life), if the defendant has one prior felony conviction. If a defendant convicted of any non-state-jail felony has two prior, sequential felony convictions, the minimum sentence is 25 years and the maximum is 99 years or life; this is the Texas "three strikes" law. However, if a defendant is convicted of certain sexual offenses and he has a prior conviction for one of the sexual offenses listed in Section 12.42(c)(2)(B), the punishment is an automatic life sentence. The enhancement statute "effectively creates a 'two-strikes policy' for repeat sex offenders in Texas, embodying the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders."[13]

---

[12] The enhancement statute does not permit any enhancement if the prior conviction is for a state-jail felony. A state-jail felony is punishable by "not more than two years or less than 180 days" confinement. TEX. PENAL CODE § 12.35(a).

[13] *Prudholm*, 333 S.W.3d at 592 (quoting *Griffith v. State*, 113 S.W.3d 782, 786 (Tex. Crim. App. 2003)); *see also Duran v. State*, 363 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("The Legislature has determined that a severe penalty is warranted . . . when the evidence shows the defendant has committed indecency with a child or sexually assaulted a child after previously being convicted of indecency with a child."); *Williams v. State*, 10 S.W.3d 370, 372–73 (Tex. App.—Tyler 1999, pet. ref'd) ("The legislature has an interest in

The legislature also mandated the automatic "two strikes" enhancement to life imprisonment if the "defendant has previously been convicted of an offense . . . under the laws of another state containing elements that are substantially similar to the elements of an [enumerated Texas] offense."[14]

In *Prudholm*, we explained the process for determining if an out-of-state sexual offense contains "substantially similar" elements to a listed Texas sexual offense.

First, "the elements being compared . . . must display a high degree of likeness."[15] But the elements "may be less than identical"[16] and need not parallel one another precisely.[17] It is not essential that a person who is guilty of an out-of-state sexual offense would necessarily

removing habitual sexual predators of children from society and in protecting the children of this State.").

[14] TEX. PENAL CODE §12.42(c)(2); *see Prudholm*, 333 S.W.3d at 592.

[15] *Prudholm*, 333 S.W.3d at 594.

[16] *See id.* at 593–96 (holding that two offenses can be "substantially similar" when the victim-age element of each offense was different by one year) (discussing *Ex parte White*, 277 S.W.3d 316, 318  (Tex. Crim. App. 2007)).

[17] It may be helpful to envision a Venn diagram to illustrate the necessary degree of similarity.  The two circles need not form a perfect overlap, but they must overlap significantly and share a large intersection area. For example, if one state's statute sets the age for child rape at 16 while another sets it at 17, the statutory overlap is significant, though not precise. *Prudholm*, 333 S.W.3d at 593–94.  If one statute requires proof that the rape victim is not the spouse of the actor, while a second statute does not contain that element, but all other elements are the same, the overlap is significant. *Id.* at 594.  On the other hand, if one statute punishes any "intimate" touching of a child, while a second statute punishes only the touching of the anus or genitals, the statutes are not substantially similar. *See Texas Dep't of Public Safety v. Anonymous Adult Texas Resident*, 382 S.W.3d 531, 536, 538 (Tex. App.—Austin 2012, n.p.h.) (Massachusetts "indecent assault" law punished any improper touching of private areas, including the abdomen, buttocks, or thighs, as well as "unwanted kissing" when coupled with improper sexual overtones; because of its broader reach, it was not substantially similar to Texas offense of sexual assault).

be guilty of a Texas sexual offense as there is no requirement of a total overlap, but the out-of-state offense cannot be markedly broader than or distinct from the Texas prohibited conduct. For instance, in *Prudholm*, the California offense prohibited "touching" of an "intimate part," whereas the Texas offense proscribed the "penetration or contact" of a person's "anus" or "sexual organ."[18] We held that the two statutes "encompass[ed] a markedly different range of conduct," and "[w]hile the elements . . . may be similar in a general sense, they do not display the high degree of likeness required to be substantially similar."[19] There are many more "intimate parts" covered under the California statute than the specific subset of "intimate parts"–the "anus" and "sexual organ"–listed in the Texas statute. We also found it relevant that the California offense "specifically excludes" more serious sexual conduct that the Texas offense includes.[20] Generally speaking, the focus of the *Prudholm* inquiry is on the *elements* of the offense, not the specific conduct that was alleged.[21]

---

[18] *Prudholm*, 333 S.W.3d at 599

[19] *Id.*

[20] *Id.*

[21] But sometimes, the specific conduct, as well as the elements, must be considered. For example, in *Texas Dep't of Public Safety v. Garcia*, 327 S.W.3d 898 (Tex. App.—Austin 2010, pet. denied), the court found that the elements of Oregon's statutory-rape statute were "substantially similar" to elements of the corresponding Texas statute. They were, except that in Oregon the statute applied to those under age 18, while the Texas statute applied only to those under age 17. Normally, that would not make the statutes dissimilar. But because it was undisputed that the defendant in the Oregon case had consensual sex with his 17 year-old girlfriend and that is legal conduct in Texas, the court of appeals held that, in that particular situation, the two statutes were not "substantially similar." *Id.* at 906–07.

The second prong of the *Prudholm* analysis requires that the "elements must be substantially similar with respect to the individual or public interests protected *and* the impact of the elements on the seriousness of the offenses."[22] This is itself a two-step analysis. Courts must first determine if there is a "similar danger to society" that the statute is trying to prevent.[23] The court must then determine if the class, degree, and punishment range of the two offenses are substantially similar.[24] And, as *Prudholm* teaches, if another out-of-state offense (rape, for example) more closely mirrors the Texas offense (sexual assault, for example), but "specifically excludes" the compared out-of-state offense (sexual battery, for example), this indicates that the other out-of-state offense (rape), not the compared one (sexual battery), is substantially similar to the Texas one.[25]

No single factor in the analysis is dispositive, so a court must weigh all factors before making a determination. That determination must be made with sensitivity because the defendant is subject to an automatic life sentence. This "two strikes" law reflects "the

---

[22] *Prudholm*, 333 S.W.3d at 595 (emphasis added).

[23] *Id.* at 595 n.21.

[24] For instance, in *Prudholm*, the California offense of sexual battery was a misdemeanor offense unless it involved unlawful restraint, and even then the maximum punishment was four years' imprisonment. In comparison, the Texas offense of sexual assault is a second-degree felony with a maximum punishment of twenty years' imprisonment. *Id.* at 596–99.

[25] *Id.* at 599 (noting that California offense of "sexual battery" specifically excludes the crimes of rape and sexual penetration from its scope, while the Texas sexual-assault statute includes them).

legislature's intent to treat repeat sex offenders more harshly than other repeat offenders,"[26] but this automatic enhancement applies only to specifically listed serious sex offenses, so courts must be careful to ensure that the out-of-state offense truly is "substantially similar" to those serious Texas sex offenses that call for an automatic life-imprisonment enhancement.

III.

In the present case, appellant had been convicted of "Indecent Liberties." The North Carolina statute reads as follows:

(a)     A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

　　(1)     Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

　　(2)     Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.[27]

The State contends that the elements of this offense are substantially similar to those of the Texas offense "Indecency with a Child," which reads:

(a)     A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:

　　(1)     engages in sexual contact with the child or causes the child to engage

---

[26] *Prudholm*, 333 S.W.3d at 592 (quoting *Griffith v. State*, 113 S.W.3d 782, 786 (Tex. Crim. App. 2003)).

[27] N.C. GEN. STAT. § 14-202.1.

in sexual contact; or

(2)    with intent to arouse or gratify the sexual desire of any person:

   (A)    exposes the person's anus or any part of the person's genitals, knowing the child is present; or

   (B)    causes the child to expose the child's anus or any part of the child's genitals.[28]

After considering all of the *Prudholm* factors, we conclude that the two statutes do not contain "substantially similar" elements.

## A.    "High degree of likeness."

The court of appeals concluded that the elements of the two offenses presented a "high degree of likeness" after noting that "[b]oth of these offenses criminalize . . . the touching of the child's genitals, the touching by the child of the offender's genitals, and the exposure of the offender's genitals with the intent to arouse or gratify a person's sexual desire."[29] The court of appeals properly considered conduct that fell within both statutes; however, it did not consider the wide variety of conduct covered by the North Carolina offense that is excluded in the Texas offense.

The Texas offense proscribes two very specific types of conduct: (1) "sexual contact,"[30] and (2) the exposing of one's genitals or anus to a child (or causing a child to

---

[28] TEX. PENAL CODE § 21.11(a).

[29] *Anderson*, 2012 WL 2470002, at *5.

[30] TEX. PENAL CODE § 21.11(c) defines sexual contact as the following acts, "if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching

expose his genitals or anus) "with intent to arouse or gratify the sexual desire of any person."

Quite simply, if defendant's conduct does not result in "sexual contact" of very specific parts

of the body or the exposure of very specific parts of the body, there is no offense—regardless

of the defendant's mental state.

The North Carolina statute takes a different, much broader approach.  It prohibits the

taking (or the attempt to take) "any immoral, improper, or indecent liberties with a child" for

the purpose of satisfying sexual desire. Additionally, the statute proscribes committing (or

attempting to commit) "any lewd or lascivious act" on or with a child. One recent North

Carolina case described indecent liberties as follows:

> "Indecent liberties" are defined as such liberties as the common sense of
> society would regard as indecent and improper. It is not necessary that
> defendant touch his victim to commit an immoral, improper, or indecent liberty
> within the meaning of the statute. . . . Furthermore, a variety of acts may be
> considered indecent and may be performed to provide sexual gratification to
> the actor.[31]

Not only does the North Carolina statute prohibit inchoate offenses that are not included in

the Texas statute, but unlike the specifically delineated conduct outlined in the Texas offense,

---

by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person."

[31] *State v. Martin*, 671 S.E.2d 53, 59 (N.C. Ct. App. 2009) (internal quotation marks and citations omitted); *see also State v. Beckelheimer*, 729 S.E.2d 730, *4 (N.C. Ct. App. 2012) ("An indecent liberty is any immoral, improper or indecent touching or act by the defendant in the presence of a child for the purpose of arousing or gratifying sexual desire.") (not designated for publication); *State v. Ramos*, 627 S.E.2d 350, *3 (N.C. Ct. App. 2006) (noting that the elements of "Indecent Liberties" may be met by showing that defendant's conduct was "'lacking moral discipline or sexual restraint' or 'having no regard for accepted rules or standards'") (not designated for publication).

"immoral, improper, or indecent," and "lewd and lascivious" are not statutorily defined or limited. Immorality or indecency is beauty in the eye of the North Carolina jury. This has lead to a much broader interpretation of the statutory elements, resulting in a wide variety of "improper" conduct being punished.

The crucial difference is that under the North Carolina statute, almost any conduct, if performed to fulfill the actor's sexual gratification, may satisfy the "bad act" element of the offense. The focus of the offense is the defendant's mental state; otherwise innocent conduct may result in criminal liability if the actor possesses an "immoral, improper, or indecent" state of mind. For example, North Carolina defendants have been convicted of "Indecent Liberties" for kissing a minor's face,[32] french kissing a minor,[33] and hugging the legs of a minor.[34] Such conduct would clearly be insufficient to meet the elements of our Texas "Indecency with a Child" statute–even if performed to "arouse or gratify the sexual desire"[35] of the actor–because the conduct involves neither "sexual contact" nor exposure.

Like the California statute in *Prudholm*, this North Carolina statute encompasses a markedly different range of conduct than the Texas offense to which it is compared.[36] The

---

[32] *See Ramos*, 627 S.E.2d 350, at *3.

[33] *See State v. Hammett*, 642 S.E.2d 454, 458 (N.C. Ct. App. 2007).

[34] *See State v. Sims*, 720 S.E.2d 398, 400–01 (N.C. Ct. App. 2011).

[35] TEX. PENAL CODE § 21.11.

[36] *See also Texas Dep't of Public Safety v. Anonymous Adult Texas Resident*, 382 S.W.3d 531, 536–38 (Tex. App.—Austin 2012, n.p.h.) (applying *Prudholm* factors and concluding that Massachusetts "indecent assault" law that proscribes a wide variety of "indecent" touching was

North Carolina offense is much broader and covers a *significant* amount of conduct that the

Texas offense does not.[37] While the elements of two offenses need not "parallel" one another

to be "substantially similar," they must criminalize a similar "range of conduct."[38] The North

Carolina statute criminalizes a great range of conduct that is lawful in Texas.

**B.      "Individual or public interests protected and the impact of the elements on the seriousness of the offenses."**

The second part of the *Prudholm* analysis consists of two distinct requirements: (1)

the "individual or public interests protected" are substantially similar, and (2)  the "impact

of the elements on the seriousness of the offense" is substantially similar.

**1.      "Interests protected."**

The court of appeals concluded that the "public interest protected by both statutes is

. . . to safeguard children from improper sexual touching and/or sexual exposure."  In

reaching this conclusion, the court noted that "both statutes seek to punish the sexually-

motivated touching of children or sexually-motivated exposure of certain body parts to

---

not "substantially similar" to Texas's sexual-assault statute).

[37] *See State v. Etheridge*, 352 S.E.2d 673, 682 (N.C. 1987) ("the legislature enacted section 14-202.1 to encompass more types of deviant behavior, giving children broader protection than available under other statutes proscribing sexual acts."). The fact that some conduct that falls within the out-of-state offense also falls within the Texas offense does not automatically mandate a finding that the elements are substantially similar. *See Prudholm*, 333 S.W.3d at 595 (noting that it is not dispositive that "a person guilty of the [foreign] law would also be guilty under the Texas law") (internal quotations omitted).  Nor is it dispositive that some conduct that falls within the out-of-state offense falls outside the Texas statute.  It is the degree of overlap that is crucial, not the fact of some overlap.  In the present situation, the difference in covered conduct is significant.

[38] *See Prudholm*, 333 S.W.3d at 599.

children." While we agree that, in general, both statutes seek to "safeguard children" and "punish sexually-motivated touching . . . or exposure," courts should be discriminating in their analysis of this factor because every offense protects a certain class of victims and punishes a certain type of offender.  The proper inquiry under *Prudholm* is more nuanced: what *specific* interest is the statute advancing?

Texas courts have routinely noted that the purpose of the "Indecency with a Child" offense is to protect children from sexual abuse and assault.[39] The plain language of the statute prohibits specific sexual abuse of children—"sexual contact" and sexually motivated exposure. The forbidden acts are clearly delineated.

A plain reading of the North Carolina offense, however, shows that it is more concerned with punishing the defendant's "immoral, improper, [] indecent," or "lewd" state of mind.[40] Of course, any offense proscribing conduct directed against children is concerned with the protection of children. However, the North Carolina legislature enacted this statute

---

[39] *See Black v. State*, 26 S.W.3d 895, 898–99 (Tex. Crim. App. 2000) (noting that, because of the Texas legislature's "desire to protect child victims," both "Indecency With a Child" and "Injury to a Child" do not require the defendant be aware of the victim's age); *Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.—Austin 1999, pet. ref'd) ("The obvious intent of indecency laws is to protect children."); *Sawyer v. State*, 655 S.W.2d 226, 228 (Tex. App.—Houston [14th Dist.] 1983, no pet.) ("The severity of the penalty [for indecency with a child] is obviously a result of the Legislature's intent to protect children.").

[40] *Sims*, 720 S.E.2d at 400–01 (finding sufficient evidence to uphold appellant's conviction for Taking Liberties when appellant attempted to hug the victims' legs and "defendant admitted to having an obsession with women's legs."); *State v. Midgette*, 712 S.E.2d 745, *7 (N.C. Ct. App. 2011) (appellant's conviction upheld for touching the "butt" of the victims (over their clothes) and attempting to go down their shirts, because the conduct "creates an inference that he acted for the purpose of arousing or gratifying sexual desire") (not designated for publication).

to encompass generally "lewd or lascivious" conduct, giving children broader protection than available under other statutes proscribing sexual acts.[41] North Carolina courts have honed in on this distinction, noting that the focus is properly on whether the conduct "tended to arouse sexual desire in [the] defendant," rather than the defendant's specific acts.[42]

In sum, the Texas statute is focused on protecting children from very specific sexual bad acts, while the North Carolina statute is focused on punishing the guilty mind of those who commit lewd and lascivious acts.

## 2.    "Impact of the elements on the seriousness of the offense."

The court of appeals did not address this portion of the *Prudholm* analysis, which requires courts to determine if the "impact of the elements on the seriousness of the offense" is "substantially similar."

The Texas offense of "Indecency with a Child" is considered a "Sexual Offense" and is a second- or  third-degree felony.[43] If the conduct involved "sexual contact," the offense is a second-degree felony, punishable by 2–20 years' imprisonment. If the conduct involved exposure of the genitals or anus "with intent to gratify the sexual desire of any person," the

---

[41] *Etheridge*, 352 S.E.2d at 682.

[42] *Hammett*, 642 S.E.2d at 459; *see also State v. Ramos*, 627 S.E.2d 350, *3 (N.C. Ct. App. 2006) (not designated for publication) ("[A] jury could reasonably find Defendant's behavior was lustful, lecherous, 'lacking moral discipline or sexual restraint' or lacking 'regard for accepted rules or standards.' Indeed, one could state that 'defendant's behavior was such as the common sense of society would regard as indecent and improper.'").

[43]  TEX. PENAL CODE § 21.11(a)(1), (a)(2), (d).

offense is a third-degree felony and is punishable by 2–10 years' imprisonment.[44]

The North Carolina offense of "Taking Indecent Liberties with Children" is considered an "Offense[] against Public Morality and Decency" and is a Class F Felony, punishable, at the time of appellant's conviction, by 10–33 months' imprisonment.[45]  When we compare the degree and class of the offenses, as well as their relative punishment ranges, we conclude that the two do not bear a close resemblance. Moreover, the fact that the North Carolina Legislature did not include "Indecent Liberties" in the "Rape and Other Sex Offenses" subsection indicates that the legislature does not consider the offense a serious sex offense for punishment purposes.[46]

We also note two other North Carolina statutes that are relevant to the *Prudholm* analysis.  "Sexual Offense with a Child; Adult Offender" is the North Carolina statute

---

[44] TEX. PENAL CODE §§ 21.11(d), 12.34–12.35.

[45] *See* N.C. STAT. § 15A-1340.17 (c), (d) (1995).  Subsection (c) sets out the minimum punishment range for Class F Felonies as 10–20 months' imprisonment. This range includes the mitigated, presumptive, and aggravated minimums. Subsection (d) then sets out the applicable maximum sentence, which is based on the corresponding minimum. For instance, for an aggravated sentence (*i.e.*, a 20–month-minimum sentence) the maximum punishment is 33 months' imprisonment. *See id.*  The statute has been amended since 2004, when appellant was convicted.

[46] However, the North Carolina Legislature allows for sex-offender registration for "Indecent Liberties." *See* N.C. STAT. § 14-208.6.  *See Texas Dep't of Public Safety v. Anonymous Adult Texas Resident*, 382 S.W.3d 531, 538 (Tex. App.—Austin 2012, n.p.h.) (finding that out-of-state offense was not "substantially similar" to Texas offense and noting that, while the Massachusetts "indecent assault" statute requires sex-offender registration, as does the Texas sexual-assault statute, the latter requires life-time registration while the former requires reporting for only twenty years).  Regardless, the fact that the North Carolina Legislature does not list or punish the offense as a sex offense is relevant to both the "public and private interests" and "seriousness of the offense" inquiries.

prohibiting an adult from engaging in a "sexual act"[47] with a child under the age of 13.[48]  It is punishable as a Class B1 felony and has a minimum punishment of 300 months' imprisonment.[49]  This offense is similar to the Texas offense of "Indecency with a Child" involving "sexual contact."  "Indecent Liberties" is not a lesser-included offense of "Sexual Offense with a Child."[50]

"Indecent Exposure" is the North Carolina offense proscribing "willfully expos[ing] the private parts of his or her person . . . or [causing] another to perform such [an] act."[51] This offense is most like the Texas  "Indecency with a Child" offense involving exposure. If the conduct is in the "presence of any person less than 16 years of age," the offense is a Class H Felony, punishable by 4–10 months' imprisonment.[52] "Indecent Exposure" is not a lesser-included offense of "Indecent Liberties."[53]

North Carolina has determined that  "Sexual Offense with a Child" and "Indecent

---

[47] A "sexual act" is defined as, "cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body[.]" N.C. STAT. § 14-27.1.

[48] N.C. STAT. § 14-27.4A.

[49] The offense has a maximum punishment of life imprisonment if the court finds that there was "egregious aggravation." N.C. STAT. § 14-27.4A(b), (c).

[50] See State v. Thomas, 621 S.E.2d 341, *2 (N.C. Ct. App. 2005) (not designated for publication).

[51] N.C. STAT. § 14-190.9.

[52] N.C. STAT. § 15A-1340.17 (c), (d) (1995).

[53] N.C. STAT. § 14-190.9(a1).

Exposure" are offenses distinct from "Taking Indecent Liberties with a Child." Each one represents a separate offense, and a defendant may be convicted of each—even if all stem from one incident—without offending Double Jeopardy principles.[54] The conduct that results in criminal liability under "Indecent Liberties" is not covered by the other two offenses. The North Carolina Legislature intended the "Indecent Liberties" statute to cover conduct that is not "Indecent Exposure," nor "Sexual Offense[s]," but rather "immoral, improper, or indecent" conduct that arouses or gratifies the actor's sexual desire.

IV.

After considering each of the *Prudholm* factors, we conclude that the elements of the two offenses–the North Carolina offense of "Indecent Liberties" and the Texas offense of "Indecency with a Child"–are not "substantially similar." Here, each of those factors weighs against a finding of substantial similarity. First, the North Carolina offense is much broader than the Texas offense, criminalizing a significant amount of conduct that is lawful in Texas. Second, the elements of the two offenses are not "substantially similar with respect to the individual or public interests protected." The North Carolina offense is more concerned with preventing children from being exposed to any form of "lewd" conduct and with punishing the "immoral, improper, or indecent" minds of adults than with proscribing specific sexual acts against children, which is the focus of the Texas statute. Third, the class, degree, and range of punishment for "Indecent Liberties" is much less than for the Texas offense of

---

[54] *See Thomas*, 621 S.E.2d 341, at *2.

"Indecency with a Child."[55] Moreover, the North Carolina offenses most analogous to the Texas offense–"Sexual Offense with a Child," and "Indecent Exposure"–specifically exclude the offense for which appellant was previously convicted.

For these reasons, we conclude that the court of appeals erred in finding that appellant's prior North Carolina conviction for "Indecent Liberties" is "substantially similar" to the Texas offense of "Indecency with a Child."  We therefore reverse the judgment of the court of appeals and remand the case to the trial court for a new punishment hearing.

Delivered: March 27, 2013
Publish

---

[55] *See Prudholm*, 333 S.W.3d at 599.