

**NUMBER 13-17-00248-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**LIONEL JAMES GONZALEZ,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

---

**On appeal from the 332nd District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

By one issue, appellant Lionel Gonzalez challenges his sentence to life imprisonment following conviction. Gonzalez alleges that his prior conviction from Indiana should not have been utilized in determining his sentence because the elements of the Indiana offense are not "substantially similar" to the underlying Texas offense. We affirm.

## I.    BACKGROUND

The State alleged that Gonzalez committed sexual assault of a child by "intentionally and knowingly causes the penetration of the sexual organ of E.L., a child who was then and there younger than 17 years of age, by the defendant's finger."  TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West, Westlaw through 2017 1st C.S.).  After hearing testimony, the jury found Gonzalez guilty of sexual assault of a child.  *See id.*

After changing his election for the jury to assess punishment to the trial court to assess punishment, the State introduced evidence to the trial court to prove the enhancement paragraph alleged in the indictment.  The enhancement paragraph stated that

> on or about the 24th day of February, 2010, in cause number 50D01-0812-FB-00038 in the Marshall Superior Court No. 1 of Marshall County, in the State of Indiana, the defendant was finally convicted of the offense of sexual misconduct with a minor, and under the laws of the state of Indiana, the offense of sexual conduct with a minor contained elements that are substantially similar to the elements of a sexually violent offense, namely, sexual assault of a child.

Gonzalez pleaded not true to the enhancement paragraph, and the State introduced a certified copy of the information, probable cause affidavit, order finding probable cause, and final judgment, findings, and decree from the Indiana Superior Court No. 1 into evidence.  Those documents showed that Gonzalez had pleaded guilty to sexual misconduct with a minor, a Class B felony[1], and was sentenced to ten years' imprisonment at the Indiana Department of Corrections, where six years' imprisonment would be served and four years' imprisonment would be suspended.  *See* IND. CODE § 35-42-4-9(a)(1) (2008) (amended by 2018 Ind. Legis. Serv. P.L. 144-2018 (West)).

---

[1] Class B felonies have been reclassified and are now called Level 4 felonies.  *See* IND. CODE § 35-50-2-1 (2018).

The State then offered penal code section 12.42(c)(2)(A)(i), (B)(v) into evidence. *See* TEX. PENAL CODE ANN. § 12.42(c)(2)(A)(i), (B)(v) (West, Westlaw through 2017 1st C.S.). Section 12.42 states:

(c)(2) Nothingwithstanding Subdivision (1), a defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life if:

    (A)    the defendant is convicted of an offense:

        (i)    under Section . . . 22.011, Penal Code; and

    . . .

    (B)    the defendant has been previously convicted of an offense:

    . . .

        (v)    under the laws of another state containing elements that are substantially similar to the elements of the offense listed in Subparagraph (i), (ii), (iii), or (iv).

*Id.*

Gonzalez's counsel objected to the exhibits stating that they did not provide sufficient information for the trial court to determine if the elements of the Indiana conviction were substantially similar to the Texas statute. *See id.* § 22.011. The trial court found the State had proven the elements in the enhancement paragraph and sentenced Gonzalez to life imprisonment in the Texas Department of Criminal Justice–Institutional Division with the possibility of parole. *See id.* § 12.42. This appeal followed.

## II.    SENTENCE WAS PROPER

By one issue, Gonzalez challenges the imposition of life imprisonment based on the enhancement paragraph of the indictment.

## A.    Standard of Review and Applicable Law

Section 12.42 provides enhanced penalties for repeat felony offenders and effectively creates a "two-strikes policy" for repeat sex offenders in Texas, embodying the legislature's intent to treat repeat sex offenders more harshly than other repeat offenders. *Brooks v. State*, 357 S.W.3d 777, 785–6 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd.). Section 12.42(c)(2) imposes an automatic sentence of life imprisonment for a defendant convicted of a sexual offense listed in section 12.42(c)(2)(A) if he committed that offense after having been convicted of any of the other enumerated sexual offenses in section 12.42(c)(2)(B), or "under the laws of another state containing elements that are *substantially similar* to the elements of an [enumerated] offense." *Id*. (quoting TEX. PENAL CODE ANN. § 12.42(c)(2) (emphasis in original)).

To determine if the Indiana sexual offense statute contains "substantially similar" elements, we review the trial court's finding *de novo*. *Id*. at 786. Before using a prior conviction from another state for this purpose, the trial court first must take judicial notice of the relevant state statute and make a finding that the elements of the offense are substantially similar to the elements of an offense enumerated in section 12.42(c)(2)(B). *Id*. (citing TEX. PENAL CODE ANN. § 12.42(c)(2)(B)).

Following that determination, we apply a two-prong analysis. *See Prudholm v. State*, 333 S.W.3d 590, 594 (Tex. Crim. App. 2011). The first prong states "the elements being compared. . . must display a high degree of likeness." *Anderson v. State*, 394 S.W.3d 531, 535 (Tex. Crim. App. 2013) (quoting *Prudholm*, 333 S.W.3d at 594). The elements "may be less than identical" and need not parallel another precisely. *Id*. (quoting *Prudholm*, 333 S.W.3d at 593–96). It is not essential that a person who is guilty of an out-

4

of-state sexual offense would necessarily be guilty of a Texas sexual offense as there is no requirement of total overlap, but the out-of-state offense cannot be markedly broader than or distinct from the Texas prohibited conduct.  *Id*. at 535–6.  Generally speaking, the focus of the *Prudholm* inquiry is on the *elements* of the offense, not the specific conduct that was alleged.  *Id*. at 536 (emphasis in original).

The second prong of the analysis requires that the "elements must be substantially similar with respect to the individual or public interests protected *and* the impact of the elements on the seriousness of the offenses."  *Id*. (quoting *Prudholm*, 333 S.W.3d at 595).  This itself is a two-prong analysis.  *Id*.  Courts must first determine if there is a "similar danger to society" that the statute is trying to prevent.  *Id*. (quoting *Prudholm*, 333 S.W.3d at 595, n. 21).  Then the court must determine if the class, degree, and punishment range of the two offenses are substantially similar.  *Id*.

No single factor in the analysis is dispositive, so a court must weigh all factors before making a determination.  *Id*.  That determination must be made with sensitivity because the defendant is subject to an automatic life sentence.  *Id*.  This "two strikes" law requires courts to be careful to ensure that the out-of-state offense truly is "substantially similar" to those serious Texas sex offenses that call for an automatic life-imprisonment enhancement.  *Id*.

## B.     Discussion

The Indiana law states:

Sec. 9 (a) A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or other sexual conduct commits sexual misconduct with a minor, a Class C felony.  However, the offense is:

> (1)     a Class B felony if it is committed by a person at least twenty-one (21) years of age.

IND. CODE § 35-42-4-9(a)(1) (2008) (amended by 2018 Ind. Legis. Serv. P.L. 144-2018 (West)).  Indiana law defines "sexual intercourse" as "an act that includes any penetration of the female sex organ by the male sex organ."  *Id.* § 35-31.5-2-302 (West 2018).  "Other sexual conduct" means an "act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object."  *Id.* § 35-31.5-2-221.5 (West 2018).

The corresponding Texas provision states:

> (a)     A person commits the offense if the person:
>
> > (2)     intentionally or knowingly:
> >
> > > (A)     causes the penetration of the anus or sexual organ of a child by any means.
> >
> > . . . .
>
> (c)     In this section:
>
> > (1)     "Child" means a person younger than 17 years of age.
>
> (f)     An offense under this section is a felony of the second degree. . . .

TEX. PENAL CODE ANN. § 22.011.

### 1.     High Degree of Likeness

We must compare the elements to determine if they display a high degree of likeness.  *See Anderson*, 394 S.W.3d at 535.  Both Indiana and Texas law involve an individual who is classified as an adult.  Indiana defined "a child" by the terms of their provision as a child between the ages of fourteen and sixteen, while Texas classifies a child as a person younger than seventeen years of age.  *See* IND. CODE § 35-42-4-9(a)(1)

6

(2008); TEX. PENAL CODE ANN. § 22.011. Although not identical, the age requirements for a child are similar.

Indiana law also states the person "performs or submits to sexual intercourse or other sexual conduct" and defines sexual intercourse as "penetration of the female sex organ by the male sex organ" and "other sexual conduct" as "the penetration of the sex organ or anus of a person by an object." IND. CODE § 35-31.5-2-302; *Id.* § 35-31.5-2-221.5. Texas law states sexual assault is "the penetration of the anus or sexual organ of a child by any means." TEX. PENAL CODE ANN. § 22.011.

The two provisions and corresponding definitions appear "substantially similar" in the actions described. Additionally, both statutes appear to criminalize a similar range of conduct. *See Anderson*, 394 S.W.3d at 539. The Indiana law does not appear to be overly broad when compared to the Texas law. *See id.* Therefore, we find there is a high degree of likeness between the two statutory provisions. *See id.*

**2. Individual or Public Interests Protected and Impact of the Elements on Seriousness of the Offense**

The second part of the analysis consists of two requirements: (1) the "individual or public interests protected" are substantially similar, and (2) the "impact of the elements on the seriousness of the offense" is substantially similar. *See id.*

**a. Interests Protected**

Both the Texas and Indiana statutes are designed to protect children from being victimized sexually by an adult. *See* IND. CODE § 35-42-4-9(a)(1) (2008); TEX. PENAL CODE ANN. § 22.011. Indiana allows for a higher-level degree of offense if the action is committed by someone over twenty-one (21) years of age. *See* IND. CODE § 35-42-4-9(a)(1). Based on the code provision, if the individual is over twenty-one years of age, the

7

punishment range changes from a Class C to a Class B felony, resulting in a higher possible sentence. *See id.* In Texas, once a person is classified as an adult, which would be someone over the age of seventeen (17), then they would be subject to the same punishment range, regardless of age.[2] *See* Tex. Penal Code Ann. § 22.011. Even though there are slight differences in the punishment based on age, the two statutes serve to protect similar interests.

### b. Impact of the Elements on Seriousness of Offense

The Texas offense of "Sexual Assault" is considered a "sexual offense" and is a second-degree felony. *See id.*(f). Sexual assault carries a punishment range of two to twenty years' imprisonment and a possible fine not to exceed $10,000. *See id.* § 12.33 (West, Westlaw through 2017 1st C.S.).

The Indiana offense of "Sexual Misconduct with a Minor" is considered a "sexual offense" and was considered, at the time of Gonzalez's conviction, a Class B felony (now considered a Level 4 felony). *See* Ind. Code § 35-42-4-9(a)(1). A Class B felony carried a minimum sentence of six years' imprisonment on offenses committed before July 1, 2014. *See* Ind. Code § 35-50-2-1.

When we compare the degree and class of the offenses, as well as their relative punishment ranges, we conclude that the two bear a close resemblance.

### 3. Conclusion

After considering each of the *Prudholm* factors, we conclude that the elements of the two offenses–the Indiana offense of "Sexual Misconduct with a Minor" and the Texas

---

[2] Section 22.011(f) allows for sexual assault to be raised to become a first-degree felony in situations involving bigamy. Tex. Penal Code Ann. § 22.011(f) (West, Westlaw through 2017 1st C.S.). However, that is not applicable in this situation.

offense of "Sexual Assault"–are "substantially similar" and the trial court properly sentenced Gonzalez to life imprisonment under section 12.42. *See Anderson*, 394 S.W.3d at 542; TEX. PENAL CODE ANN. § 12.42(c)(2). We overrule Gonzalez's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
21st day of June, 2018.