**Affirmed and Opinion filed August 13, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00043-CV

---

## IN RE THE COMMITMENT OF K.H.

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 93308-CV**

---

## OPINION

Following a jury trial, the trial court signed a final judgment ordering appellant's civil commitment under Chapter 841 of the Health and Safety Code. Appellant challenges the trial court's judgment in three issues, contending that the court erred by (1) directing a verdict in the State's favor that appellant was a repeat sexually violent offender; (2) excluding evidence of the underlying facts for one of appellant's convictions; and (3) refusing to submit a verdict form authorizing a verdict in appellant's favor by a 10-2 vote. We affirm.

# I. DIRECTED VERDICT

In his first issue, appellant contends that the trial court erred by granting the State's directed verdict that appellant was a "repeat sexually violent offender" under Chapter 841 based on the trial court's conclusion that appellant's out-of-state convictions were "substantially similar" to a Texas "sexually violent offense."

## A. Standard of Review and General Legal Principles

Under Chapter 841, if a fact finder determines that a person is a "sexually violent predator," the judge shall commit the person for treatment and supervision until the person is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code § 841.081(a). A person is a "sexually violent predator" if the person (1) is a "repeat sexually violent offender" and (2) suffers from a "behavioral abnormality" that makes the person likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a).

A person is a "repeat sexually violent offender" if the person has been convicted of more than one "sexually violent offense" and a sentence has been imposed for at least one of the offenses. *See id.* § 841.003(b). A "sexually violent offense" includes certain listed offenses in Texas—including sexual assault and indecency with a child by contact—and any offense under the law of another state that contains "elements substantially similar to the elements" of a listed Texas offense. *See id.* § 841.002(8)(A), (G); *see also* Tex. Penal Code §§ 21.11(a)(1), 22.011.

A trial court may grant a partial directed verdict that a person is a repeat sexually violent offender if there is no probative evidence raising a fact issue to the contrary. *In re Commitment of Harris*, 541 S.W.3d 322, 330 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

**B.** **Test for Substantial Similarity**

Although commitment proceedings are civil in nature, to determine whether a non-Texas offense contains "elements substantially similar to the elements" of a listed Texas offense, Texas appellate courts have applied the tests used by the Court of Criminal Appeals for determining whether a non-Texas offense may be used for punishment enhancement. *See In re Commitment of Ratliff*, No. 05-16-01425-CV, 2018 WL 3829264, at *3 (Tex. App.—Dallas Aug. 13, 2018, no pet.) (mem. op.); *In re Commitment of Williams*, No. 02-17-00133-CV, 2018 WL 771962, at *3 (Tex. App.—Fort Worth Feb. 8, 2018, no pet.) (mem. op.); *In re Commitment of Cleaveland*, No. 09-12-00428-CV, 2014 WL 4364263, at *4 (Tex. App.—Beaumont Sept. 4, 2014, pet. denied) (mem. op.).

Last year, the Court of Criminal Appeals altered the test for determining whether offenses are "substantially similar" for purposes of enhancement. *See Fisk v. State*, 574 S.W.3d 917, 924–25 (Tex. Crim. App. 2019) (overruling in part *Anderson v. State*, 394 S.W.3d 531 (Tex. Crim. App. 2013), and *Prudholm v. State*, 333 S.W.3d 590 (Tex. Crim. App. 2011)). The court held that offenses are substantially similar if there is a "high degree of likeness" between the elements of both offenses. *Id.* at 923. Substantial similarity does not require that a person guilty of a crime under a foreign law would also be guilty under a Texas law. *Id.* at 922–23.

Appellant contends that this court should eschew *Fisk* and consider additional factors discussed in *Anderson* and *Prudholm*, including the "interests protected by the offenses and their relative seriousness." *See id.* at 923. *Fisk* expressly rejected consideration of those factors. *See id.* at 923–25. This court has applied *Fisk* in the context of determining whether a person was required to register as a sex offender based on a conviction for an out-of-state offense that

contained elements substantially similar to an enumerated Texas offense. *See Tex. Dep't of Pub. Safety v. Fowle*, 581 S.W.3d 417, 418–19 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The language in all three statutes is similar. *See* Tex. Health & Safety Code § 841.002(8) (sexually violent offense for civil commitment is "an offense under the law of another state . . . that contains elements substantially similar to the elements of an offense" in Texas); Tex. Penal Code § 12.42(c)(2)(B)(v) (punishment enhancement for prior conviction of an offense "under the laws of another state containing elements that are substantially similar to the elements of an offense" in Texas); Tex. Code Crim. Proc. Art. 62.001(5)(H) (reportable conviction for sex offender registration includes a conviction for "a violation of the laws of another state . . . for or based on the violation of an offense containing elements that are substantially similar to the elements of an offense" in Texas).

When construing a statutory word or phrase, we may consider the meaning assigned to the language elsewhere in another act of similar nature, and we may give the same meaning to language that has been used in similar statutes unless something indicates that a different meaning was intended. *See Robertson v. Odom*, 296 S.W.3d 151, 157 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Although the commitment, sex-offender registration, and punishment enhancement statutes serve different functions, the provisions regarding substantial similarity of offenses serve a similar goal of providing comity to non-Texas convictions for sexual offenses. Thus, we see no reason to deviate from the interpretation of the Court of Criminal Appeals and this court in similar contexts. We will apply the test announced by the high court in *Fisk* and applied by this court in *Fowle*.

4

## C.    Analysis

Appellant does not dispute that before he was convicted in Texas of sexually assaulting a child—a sexually violent offense—he was convicted in Oregon of three counts of sexual abuse in the third degree under a former version of Section 163.415 of the Oregon Revised Statutes.  Appellant does not dispute that if one of those Oregon offenses is substantially similar to the Texas offense of indecency with a child by contact—a sexually violent offense—then the trial court could direct a verdict that appellant was a "repeat sexually violent offender" as a matter of law.  Appellant contends that none of the Oregon convictions was for an offense substantially similar to indecency with a child by contact.

We begin by comparing the relevant statutes:

| **Oregon Law** | **Texas Law** |
| --- | --- |
| (1) A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:<br><br>  (a) The victim does not consent to the sexual contact; or<br><br>  (b) The victim is incapable of consent by reason of being under 18 years of age.<br><br>Act of July 18, 1995, 68th Leg., R.S., ch. 671, § 9, 1995 Or. Laws ch. 671 (Westlaw) (codified as amended at Or. Rev. Stat. § 163.415).<br><br>"Sexual Contact" means any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either | (a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:<br><br>  (1) engages in sexual contact with the child or causes the child to engage in sexual contact[.]<br><br>. . .<br><br>(c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:<br><br>  (1) any touching by a person, including touching through clothing, of the anus, breast or any part of the genitals of a child; or<br><br>  (2) any touching of any part of the |

| | |
|---|---|
| party.<br><br>Act of Aug. 16, 1999, 70th Leg., R.S., ch. 949, § 1, 1999 Or. Laws ch. 949 (Westlaw) (codified as amended at Or. Rev. Stat. § 163.305(6)).[1] | body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.<br><br>Tex. Penal Code § 21.11. |

Here, the charging instrument admitted as an exhibit alleged that, for one of the three counts under which appellant was convicted, appellant knowingly subjected A.B., "a person under the age of 18 years, to sexual contact by touching her genitalia, a sexual or intimate part of [A.B.]"  Appellant testified at trial that A.B. was his girlfriend when she was fourteen years old and he was eighteen years old, and that he rubbed his hands on A.B.'s vagina.

Appellant contends that this court should not consider the specific conduct appellant committed under the Oregon statutes, citing *Anderson*, 394 S.W.3d at 536.  Although the *Anderson* court noted generally that the substantial-similarity test does not focus on "the specific conduct that was alleged," the court acknowledged that "sometimes, the specific conduct, as well as the elements, must be considered."  *Id.* at 536 n.21.  The *Fisk* court distinguished *Anderson* on the ground that there was no evidence in the *Anderson* record to prove the elements of the prior conviction.  *Fisk*, 574 S.W.3d at 920 (considering testimony and documentary evidence to determine substantial similarity).

When, as here, the State has proven the nature of the previous conviction, we do not analyze the entirety of the other state's statutory scheme for substantial

---

[1] Under Oregon case law, "sexual or other intimate parts" includes genitalia, breasts, and "whatever anatomical areas the trier of fact deems 'intimate' in the particular cases which arise." *State v. Woodley*, 760 P.2d 884, 886 (Or. 1988) (quotation omitted).  To be "intimate" a body part "must be subjectively intimate to the person touched, and either known by the accused to be so or to be an area of the anatomy that would be objectively known to be intimate by any reasonable person."  *Id.* at 887.

similarity. *Id.* at 922. "That kind of analysis is necessary only if the record fails to prove the nature of the previous conviction." *Id.* (concluding that that the non-Texas statute's criminalization of bestiality and sodomy between consenting adults was "irrelevant" because the record showed that the defendant's prior conviction was for the sodomy of a child under the age of sixteen, which was substantially similar to Texas's offense of sexual assault). Thus, we reject appellant's contention that the offenses were not substantially similar because the Oregon statute also criminalizes non-consensual sexual contact with adult victims, or because the Oregon courts have applied a broad definition of "intimate parts" compared to the specific body parts identified in Section 21.11 of the Penal Code (i.e., anus, breast, or genitals). Moreover, the one-year age difference between the Oregon statute (eighteen) and Texas statute (seventeen), does not defeat substantial similarity in this case. *See id.* at 923.

Considering the testimony and documentary evidence in this case, one of appellant's Oregon convictions for sexual abuse required proof that appellant touched the genitals of a child with the intent to arouse or gratify the sexual desire of any person. The elements of this offense, as alleged and proven in this record, display a high degree of likeness to the elements of the Texas offense of indecency with a child by contact. Thus, the offenses are substantially similar for purposes of Chapter 841. *Cf. Castle v. State*, 402 S.W.3d 895, 902–03, 906–08 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (reasoning that Louisiana's sexual battery statute, which criminalized non-consensual touching of the genitals of an adult as well as "consensual" touching of the genitals of a child under the age of fifteen, displayed a high degree of likeness to Texas's indecency with a child statute; but reversing the judgment because there was no evidence in the record that the allegations underlying the Louisiana conviction involved a child under the age of

7

fifteen, so the court could not conclude that the offense for which the defendant was convicted contained elements substantially similar to indecency with a child).

Appellant has not identified any probative evidence raising a fact issue on whether he is a "repeat sexually violent offender" under Chapter 841. Accordingly, the trial court did not err by directing a verdict for the State on this issue.

Appellant's first issue is overruled.

## II.    EXCLUSION OF EVIDENCE

In his second issue, appellant contends that the trial court erred by excluding his cross-examination of the State's forensic psychologist concerning "peripheral facts" underlying his Texas conviction for sexual assault of a fourteen-year-old girl. Appellant sought to attack the psychologist's opinion that appellant had a behavioral abnormality that made appellant likely to engage in a predatory act of sexual violence. Appellant made an offer of proof through the psychologist to establish that (1) the complainant had brought appellant alcohol on at least one occasion; and (2) a Brazoria County assistant district attorney recorded in their notes that the complainant "looked much older than she was" and "was very well-developed." The trial court sustained the State's objection that the evidence would mislead the jury, confuse them, and be an impermissible collateral attack on the judgment of conviction.

We assume without deciding that the trial court erred. *See In re Commitment of Dunsmore*, 562 S.W.3d 732, 739–40, 742–43 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (trial court abused its discretion by preventing the defendant from adducing facts underlying the conviction to challenge the expert's opinion that the defendant suffered from a behavioral abnormality that

8

made him likely to engage in a predatory act of sexual violence). We will evaluate the alleged error for harm.

## A. Legal Principles for Harmless Error

"The exclusion of evidence is reversible error if the complaining party shows that the trial court committed error that probably caused the rendition of an improper judgment." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 812 (Tex. 2010); *see also* Tex. R. App. P. 44.1(a). In making this determination, we review the entire record. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). The role that the excluded evidence played in the context of the trial is important. *Id.* If the excluded evidence was crucial to a key issue, the error is likely harmful. *Id.* But if the evidence was cumulative or the rest of the evidence at trial was so one-sided that the error likely made no difference in the judgment, then the error is likely harmless. *Id.*

## B. The Record Evidence

Through the State's expert, a forensic psychologist, the jury heard evidence of appellant's long history of sexual conduct with young girls. The psychologist testified that he reviewed records indicating that a thirteen-year-old appellant touched a six-year-old girl's bare vaginal area with his hand. The girl tried to stop appellant, and he said, "I don't have to," and persisted. A police report indicated that appellant confessed. In an Oregon juvenile court, appellant admitted to an allegation of sexual harassment; the court dismissed an allegation of sexual abuse. Although appellant told the forensic psychologist that "it didn't happen," appellant told another doctor that the touching was accidental while appellant roughhoused with the girl. Appellant told the doctor that appellant wanted to have sex with the girl.

Appellant was placed on juvenile probation. He violated probation by missing sex offender treatment appointments, being dishonest with staff, and threatening family members. His probation was extended until he was eighteen years old. During his sex offender treatment, he admitted to fondling ten other thirteen- and fourteen-year-old girls. The psychologist testified, "[O]n multiple occasions with each of them, him putting his hands on them, on their buttocks or on their breasts and doing so without their permission or them agreeing." Appellant later told the psychologist that he did not do it and that he was coached into confessing.

Appellant's juvenile probation was terminated when he turned eighteen years old; he never completed the sex offender treatment. Within a year, appellant pleaded guilty to the three counts of sexual abuse discussed above. The three counts alleged that appellant touched the breasts and buttocks of one girl (C.E.) and the genitalia of A.B. Appellant was eighteen years old at the time; both girls were fourteen years old. As part of appellant's plea, the court dismissed four other counts of sexual abuse, which alleged that appellant touched the genitalia of A.B., the buttocks and breasts of another fifteen-year-old girl, and the buttocks of another fourteen-year-old girl. The psychologist reviewed records indicating that that two additional girls alleged sexual offenses against appellant, but no charges were filed.

Appellant testified that A.B. was his girlfriend at the time, and he admitted to rubbing her vagina. Although the psychologist reviewed documents in which appellant admitted to penetrating A.B.'s vagina with his finger and having A.B. touch his penis, appellant denied the conduct to the psychologist. The psychologist reviewed records indicating that appellant touched C.E.'s breast under her bra and her buttocks about forty times. He told her, "I'll do what I want." When appellant

10

was interviewed in the prison system in Texas, he denied touching C.E. sexually but also said that they engaged in horseplay and that "he liked her and that he was pushing things to see how far it would go sexually." For example, appellant would tell C.E. that he liked her and he would gauge her reaction; he told C.E. that he wouldn't mind being with her sexually.

For the sexual abuse convictions, appellant was placed on five years' probation. While on probation in Oregon, appellant was sanctioned for multiple violations of congregating with minors. He was found with a sixteen-year-old runaway. He was found to be baby-sitting minors and living with minors. There were allegations that he had made children smoke marijuana and threatened to kill them if they would not do it. Ultimately, he failed to appear for court, and a warrant was issued for his arrest. He was never arrested, however, because he absconded from Oregon and moved to Texas.

Appellant continued to violate the law in Texas. He was arrested for public intoxication and convicted of felony and misdemeanor thefts. When appellant was twenty-five years old, he sexually assaulted a fourteen-year-old girl (L.B., no relation to A.B.) in Brazoria County. At the time, he had been dating L.B.'s forty-eight-year-old aunt. The psychologist reviewed records indicating that appellant had L.B. perform oral sex on him, he performed oral sex on her, and he "had vaginal intercourse with her, including reaching orgasm while inside her vagina." He pleaded guilty and was placed on deferred adjudication probation. Appellant's probation was revoked after he failed to do his community service, pay fees, and complete a sex offender evaluation; and he was charged with possession of a firearm by a felon and family-violence assault. Appellant was convicted of the family-violence assault. At trial, he admitted to squeezing his girlfriend's neck with his hands. Appellant's guilt was adjudicated for the sexual assault, and he

was sentenced to six years' confinement in prison. He was in prison at the time of this commitment trial.

Appellant had told the psychologist that "nothing sexual happened" with L.B. At trial, appellant denied sexually assaulting L.B. He felt like he did not do "anything wrong" to L.B.

The psychologist testified that appellant had not taken responsibility for any of the sexual offenses for which he had been convicted, except for admitting to at least some sexual contact with A.B. Some of appellant's conduct would be classified as "sexually deviant" because not only did appellant offend against children who could not legally consent, but some of appellant's sexual acts were performed without the children's permission.

Based in part on appellant's criminal history and appellant's failure to take responsibility for most of his sexual offenses, the psychologist diagnosed appellant with antisocial personality disorder at the level of psychopathic personality. The psychologist explained, "[M]ost people would say that he is a psychopath." The psychologist acknowledged that when appellant was eighteen years old, other psychologists had compared him to an age equivalence of about fifteen.[2] The psychologist opined that appellant's emotional and volitional capacity have been affected by a behavioral abnormality. The psychologist testified that appellant had serious difficulties controlling his behavior because of his personality.

The psychologist noted that appellant had an increased risk for reoffending sexually. One of the strongest indicators for recidivism is when a person like appellant is caught, convicted, and punished, and then reoffends.

_____

[2] Nothing in the record indicates appellant's "age equivalence" at the time of trial or when he sexually assaulted L.B.

## C.    Analysis

Although the psychologist's opinion of appellant's behavioral abnormality was a key issue at trial, the excluded evidence was not "crucial" to a key issue. Nothing at trial suggested that the psychologist's opinion of appellant's behavioral abnormality would change if L.B. looked and acted older than fourteen. Appellant had a long history of sexual conduct with young girls, some of it without the girls' permission. The psychologist's opinion of appellant's behavioral abnormality was based not only on the fact that appellant committed multiple sexual offenses against children, but also that appellant failed to take responsibility for his conduct. With L.B., for example, appellant denied doing anything sexual, despite his conviction for sexually assaulting her.[3]

The psychologist relied on an abundance of information to form the opinion that appellant suffered from a behavioral abnormality, including records detailing multiple convictions and allegations involving sexual conduct with young girls, appellant's deposition, another doctor's evaluation of appellant, and the psychologist's own evaluation of appellant. *See In re Commitment of Dunsmore*, 562 S.W.3d 732, 739, 743 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (harmless error from the exclusion of the defendant's testimony that he only pleaded guilty because he had been "roughed up" by police and that one of the victims had made a false allegation about finding pornography on his computer; noting the substantial evidence supporting the psychologist's opinion that the defendant suffered from a behavioral abnormality).

---

[3] Moreover, appellant's denial of sexual conduct with L.B. was inconsistent with the defensive theory that appellant sought to further with evidence that L.B. was "well developed"— that appellant had sex with L.B. because L.B. appeared and acted like she was of legal age.

Considering the entire record, the exclusion of evidence that one of appellant's victims acted and appeared older than her age did not probably cause the rendition of an improper judgment. The error, if any, was harmless. *See id.*

Appellant's second issue is overruled.

## III.   JURY CHARGE

In his third issue, appellant contends that the trial court erred by overruling his request to instruct the jury that it could find appellant was not a sexually violent predator by a vote of 10-2 and by not providing such a verdict form.

The Supreme Court of Texas resolved this issue while this appeal was pending. Although a unanimous verdict is required to find that a person is a sexually violent predator, only ten votes are necessary to reach a verdict declining to find that a person is a sexually violent predator. *In re Commitment of Jones*, No. 19-0260, 2020 WL 3393468, at *3 (Tex. June 19, 2020) (per curiam). Thus, the trial court erred. *See id.*

However, because the jury unanimously found that appellant was a sexually violent predator, the error did not probably cause the rendition of an improper judgment. *See id.* at *5. The error was harmless. *See id.*

Appellant's third issue is overruled.

## IV.   CONCLUSION

All of appellant's issues are overruled. The trial court's judgment is affirmed.


/s/      Ken Wise
         Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.

14